OPINION OF THE COURT
Howard E. Goldfluss, J.
Under the extraordinary and unprecedented circumstances of the instant case, this court must determine if a communication made by the defendant to the administrator of a lie detection test is privileged.
The defendant was arraigiied on the within indictment. After pleading not guilty, the defendant, through his attorney, requested a polygraph examination. His then attorney. ar *631 ranged for an order to be drawn and submitted to the court directing his production at Bronx City Prison for that purpose. The District Attorney had knowledge of this application and entered no objection to it. The attorney retained Scientific Lie Detection, Inc., to administer the test. The defendant’s mother paid the fee on February 14, 1980. The test was given to the defendant by an associate of Richard Arthur, president of that firm. During the course of the polygraph examination the unexpected occurred. The defendant admitted his guilt.
The District Attorney moved for discovery of the substance of these statements. After being subpoenaed by the District Attorney, Richard Arthur refused to testify concerning these communications asserting that such communications from the defendant, Reginald George, are privileged. The District Attorney now moves to have this court compel him to divulge the substance of the statements asserting that, as to Arthur or his associate, no privilege exists.
CPLR 4503 provides that unless the client waives the privilege, an attorney or his employee who obtains evidence of a confidential nature from his client in the course of his professional employment, shall not disclose or be allowed to disclose such communications.
In his oral argument, the District Attorney maintains that in divulging information as to what was said by the defendant when the lie detector test was given, the attorney waived the privilege. However, CPLR 4503 specifically provides that only the client can waive the privilege, and makes no other waiver provision.
Parenthetically, there is a disturbing feature which exists. The alleged disclosures by the attorney occurred during plea negotiations. Defense counsel denies that the information was discovered in that manner, but even if it was, a serious question arises as to whether such remarks can be construed as "off the record” and not binding upon the defendant. However, since this motion is being decided solely on the issue of privilege, resolution of this question need not be reached.
The prosecutor alleges that the statute intended to confer privilege on a direct employee of the attorney, and does not contemplate an independent contractor such as the polygraphist in the instant case. The thrust and intent of the statute must be considered in making such determination. It is fair to say that nothing in the policy of privilege suggests that attorneys, simply by placing investigators or scientists on retainer, *632 should be able to invest such persons with the statutory privilege if such persons operate independently. The law has not seen fit to extend privilege to that extent. But the complexities of modern existence) prevent attorneys from effectively representing clients at maximum efficiency without the help of others. It is an undisputed fact that few lawyers can practice without the assistance of secretaries, telephone operators, and aides of other sort. The assistance of these employees or agents is indispensable to his work. The communications of the client are often necessarily committed to them by the attorney or by the client himself. The privilege must, therefore, include all persons who act as an attorney’s agent. Had this defendant made an incriminating statement to an employee of the attorney, for example, a law school clerk, that statute would protect him. To deny that same protection to the defendant because he mlade the same statement to a polygraphist, after the attorney had directed the defendant to co-operate with that polygraphist, would be entirely devoid of common sense and would render the statute meaningless.
Nor can it be said that the purpose of the consultation is not within the purview of the statute. Representation of a client in a criminal case is notj limited to defenses at the trial. Just as important — perhaps more so — are the attorney’s efforts to be fully informed before counseling the defendant as to the advisability of entering into plea negotiation discussions with the District Attorney. Communications made by the defendant to the polygraphist reasonably related to that purpose must fall within the privilege.
The People rely on United States v Kovel (296 F2d 918) for the proposition that the privilege does not extend to the polygraphist. If anything, the case reinforces this court’s opinion. In Kovel, an accountant retained by an attorney refused to answer questions before a Grand Jury with regard to conversations the attorney^ client made to him. He was adjudged guilty of contempt and sentenced. The Court of Appeals vacated the judgment and remanded for further hearing on the grounds that there was insufficient information before them to sustain the finding. Significantly, the missing information was the circumstances, including the relationship, under which the communication was given. The court in Kovel clearly stated that had thé attorney been afforded the opportunity to testify that he had instructed the client to *633 discuss the transactions involved with the accountant, such testimony would have been sufficient to explain the relationship. Under those circumstances, privilege would have attached and if the government had challenged that testimony, it would have had the burden of proving otherwise.
Here we do not face that problem. This court held a hearing to determine the circumstances of the disclosures to the polygraphist and the relationship that existed at the time they were given. Both the attorney and Arthur testified that Arthur was retained by the attorney for the purpose of administering a lie detector test to the defendant. There is no basis to doubt the credibility of either’s testimony. There is no basis to find that the statements by the defendant were made in anything other than a confidential capacity while the polygraphist was acting in the scope of his assignment. That being the case, the requirements of Kovel have been satisfied.
This court does not agree with the prosecutor that this is an unauthorized extension under the statute. The inviolability of attorney-client privilege is manifestly important to the preservation of a viable and equal system of justice. It is a matter clearly involving constitutional undertones (see Hoffa v United States, 385 US 293; People v Pobliner, 32 NY2d 356). CPLR 4503 restates the common-law principle of privilege which has always given an accused the right to expect that communications he makes to his lawyer are sealed forever. He has an equal right to expect that same protection from the lawyer’s agent — as in this case, the polygrapher — who while acting in his professional capacity was standing in his lawyer’s shoes. If this were not so, would we not be telling him that he must be wary of the advice of his own counsel? The dangers of such inference are self-evident. Besides diluting the strength of the attorney-client relationship, it would place an impossible burden on the defendant, requiring him to perceive subtle or fine niceties of distinction about which Judges themselves disagree. No logical standard of fairness can equate such a position with justice.
Accordingly, this court finds that the witness Arthur correctly asserted the privilege under CPLR 4503 and, therefore, the motion by the District Attorney to compel him to answer questions relating to statements made to him by the defendant, Reginald George, is denied.