**Loren William JASPER, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 90–106.

Supreme Court of Iowa.

Nov. 20, 1991.

Kent A. Simmons, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., William E. Davis, County Atty., and James Ottesen, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Applicant Loren William Jasper filed an application for postconviction relief claiming that he had been denied effective assistance of counsel during a series of proceedings which culminated in his conviction

for second-degree sexual abuse. *See* Iowa Code §§ 709.1 and 709.3 (1987). The district court denied Jasper's application, ruling that his trial and appellate counsel did not render ineffective assistance. On Jasper's appeal, the court of appeals affirmed the district court's ruling by operation of law. Upon further review, we agree with the district court's decision and affirm.

I. *Background facts and proceedings.* In October 1987, when applicant Jasper was seventeen-and-a-half years old, the State filed a delinquency petition in juvenile court charging applicant with second-degree sexual abuse. *See* Iowa Code §§ 232.2(12), 232.35. The State thereafter moved to transfer the case from juvenile court to district court in order that Jasper could be tried as an adult. *See* Iowa Code § 232.45. Applicant and his attorney, Michael Bennett, filed a written waiver with the juvenile court waiving Jasper's right to a hearing and consenting to and requesting the transfer of the case to district court. The juvenile court, in a detailed order making appropriate findings, thereupon transferred jurisdiction of the case to district court without conducting a transfer hearing pursuant to Iowa Code section 232.-45(2).

A trial information then was filed in district court charging Jasper with second-degree sexual abuse of a person under the age of twelve. *See* Iowa Code §§ 709.1 and 709.3(2).

Subsequent to these events, attorney Bennett was replaced by attorney Patrick Kelly as Jasper's counsel. Kelly sought and obtained a court order authorizing a state-funded polygraph examination of Jasper. An independent polygraphist, Charles B. Holm, conducted the examination. After the examination, Holm informed Jasper that he had failed. Jasper then confessed to Holm the commission of the charged crime.

Some time thereafter, the State filed a notice of additional minutes of testimony, stating that Holm would testify that Jasper had admitted committing second-degree sexual abuse. Shortly before trial, attorney Kelly filed a motion in limine request-

ing the district court to advise the parties concerning the limits of admissibility of the discussion between Holm and Jasper. The court ruled that Jasper's post-examination statements to Holm would be admissible for purposes of the State's rebuttal evidence. At trial, Jasper testified in his own defense. Attorney Kelly elicited from Jasper testimony about his confession to polygraphist Holm. Jasper testified that the only reason he confessed to the crime was because he "was scared." Holm was not called as a witness in the case.

On the day of trial, Jasper orally waived his right to a jury trial. In the ensuing bench trial, the court found Jasper guilty of second-degree sexual abuse in violation of Iowa Code sections 709.1 and 709.3(2), a class "B" felony. Jasper was sentenced to an indeterminate prison term of no more than twenty-five years. *See* Iowa Code § 902.9(1).

An attorney from the State Appellate Defender's Office was appointed to represent Jasper on the direct appeal from his conviction. After examination of the record, that attorney stated that she found no non-frivolous issues for appeal and moved to withdraw as counsel. A brief of potential issues, however, accompanied the motion. Thereupon, this court sustained the motion to withdraw and dismissed the appeal as frivolous under Iowa Rule of Appellate Procedure 104.

Jasper thereafter filed an application for postconviction relief claiming, *inter alia,* that he had been denied effective assistance of counsel in the prior proceedings concerning his case. *See* Iowa Code § 663A.3 (1989). After a trial, the district court denied his application, concluding that Jasper's criminal trial and appellate counsel did not render ineffective assistance.

On appeal from the postconviction court decision, we transferred the case to the court of appeals. *See* Iowa R.App.P. 401(a). That court affirmed the denial of the application by operation of law. *See* Iowa Code § 602.5106(1). We granted further review and now consider the several issues raised.

II. *Ineffective assistance of counsel.* As an initial matter, we note that postconviction relief proceedings under Iowa Code chapter 663A are civil actions at law and are ordinarily reviewed on error. *Kane v. State*, 436 N.W.2d 624, 626 (Iowa 1989); *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). But where, as here, the postconviction applicant asserts violations of constitutional safeguards, we make our own evaluation of the totality of the circumstances in a de novo review. *Kane*, 436 N.W.2d at 626; *Hinkle*, 290 N.W.2d at 30.

To establish a claim of ineffective assistance of trial counsel, we have indicated that the applicant must show: 1) that counsel's performance was so deficient as not to be functioning as "counsel" guaranteed by the sixth amendment to the United States Constitution; and 2) that the deficient performance so prejudiced the defense as to deprive the criminal defendant of a fair trial. *Kane*, 436 N.W.2d at 627; *State v. Losee*, 354 N.W.2d 239, 243 (Iowa 1984) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). A claim of ineffective assistance of appellate counsel must satisfy an analogous standard. *Kane*, 436 N.W.2d at 627; *Cuevas v. State*, 415 N.W.2d 630, 632 (Iowa 1987). Representation by counsel is presumed competent, and a postconviction applicant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *Kane*, 436 N.W.2d at 627. Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance of counsel. *Id.; Hinkle*, 290 N.W.2d at 34.

A. *Transfer from juvenile court to district court.* Jasper contends that he was denied effective assistance of counsel because attorney Bennett did not demand a hearing regarding the transfer of Jasper's case from juvenile court jurisdiction to district court pursuant to Iowa Code section 232.45(2). He also contends appellate counsel was ineffective in failing to raise this issue at some point in the proceedings.[1] We disagree with both contentions.

Even though juvenile transfer hearings are of paramount importance to our systems of juvenile and criminal justice, we do not believe applicant was in any way prejudiced by attorney Bennett's advice to forego a transfer hearing. More specifically, we do not believe that, had there been a transfer hearing, the result of the proceeding would have been any different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

We acknowledge that "'the determination whether to transfer a child from the statutory structure of the juvenile court to the criminal process of the district court is 'critically important.''" *State v. Wright*, 456 N.W.2d 661, 665 (Iowa 1990) (quoting *Kent v. United States*, 383 U.S. 541, 560, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97

---

**1.** Insofar as applicant claims that attorney Bennett rendered ineffective assistance by failing to ascertain applicant's competence to waive the transfer hearing, Iowa Code sections 812.3 and 812.4, applicant's claim was not properly preserved for our review because it was not alleged in his application for postconviction relief, nor considered by the postconviction court. *See* Iowa Code § 663A.8.

We also note that Jasper did not assert any of his ineffective assistance claims on direct appeal from his conviction and sentence. In order to assert such claims in postconviction proceedings, an applicant such as Jasper ordinarily must show that his claims were preserved for review by being made on direct appeal. *See Washington v. Scurr*, 304 N.W.2d 231, 235 (Iowa 1981). As stated previously, Jasper's direct appeal was dismissed pursuant to Iowa Rule of Appellate Procedure 104; his ineffective assistance claims were not asserted. We have said,

however, that a claim of ineffectiveness of trial counsel may be made in postconviction relief proceedings, even if not made on direct appeal, if the applicant establishes by a preponderance of the evidence "sufficient reason" for not having raised the issue at trial and on direct appeal, and actual prejudice resulting from the alleged errors. *Polly v. State*, 355 N.W.2d 849, 856 (Iowa 1984). Ineffective assistance of appellate counsel may provide "sufficient reason" to permit the issue of ineffectiveness of trial counsel to be raised for the first time in postconviction relief proceedings. *Kane*, 436 N.W.2d at 627–28; *State v. White*, 337 N.W.2d 517, 520 (Iowa 1983); *Scurr*, 304 N.W.2d at 235; *Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980); *Hinkle*, 290 N.W.2d at 31.

The postconviction trial court was presented with, and impliedly considered, Jasper's assertions that he was denied effective assistance of both trial and appellate counsel.

(1966)). It has been said that before a juvenile court may enter a valid waiver order, due process requires an investigation, a statement by the juvenile court of its reasons for waiving jurisdiction, an *opportunity* for a hearing which may be informal, and a right to counsel at the waiver hearing. *Id.* The juvenile justice statute was amended in order to provide juveniles these constitutional protections. *State v. Halverson,* 192 N.W.2d 765, 767 (Iowa 1971). Section 232.45(2) specifically provides that "[t]he court shall hold a waiver hearing on *all* ... motions" to waive the juvenile court's jurisdiction. (Emphasis supplied.)

■ However, notwithstanding the "critical importance" of juvenile court waiver hearings, we do not believe that attorney Bennett's advice to forego such a hearing was tantamount to ineffective assistance of counsel. Bennett filed with the juvenile court a written waiver of the transfer hearing only after having told applicant's mother that, "with [applicant's] juvenile record, that it might be better if it went to adult court." We will not second-guess such a tactical decision, even though in hindsight one may argue that it was "improvident" or "miscalculated." *Kane,* 436 N.W.2d at 627; *Hinkle,* 290 N.W.2d at 34. This is especially so when we consider that any error which may have occurred here was invited by applicant himself when he submitted his written waiver and request for transfer to the district court. Applicant cannot deliberately act so as to invite error and then object because the court has accepted the invitation. *See, e.g., State v. Burkett,* 357 N.W.2d 632, 634–35 (Iowa 1984).

■ Additionally, we do not believe that, had attorney Bennett or applicant decided to pursue a waiver hearing, the juvenile court would have retained jurisdiction of Jasper's case. In other words, applicant was not prejudiced by the lack of a waiver hearing. The written waiver Jasper submitted to the juvenile court acknowledged and endorsed the contents of the juvenile court officer's investigative report setting forth applicant's several past contacts with the juvenile authorities. *See* Iowa Code § 232.45(4). This report specifically recommended that the juvenile court waive its jurisdiction over Jasper so that he could be prosecuted as an adult.

Finally, both the investigative report and the order of the juvenile court waiving its jurisdiction specifically considered the factors outlined in Iowa Code sections 232.-45(6) and 232.45(7) before endorsing Jasper's transfer to district court: that there were no reasonable prospects for rehabilitating applicant in juvenile court; that the district court had better facilities available for applicant's rehabilitation; that applicant was almost eighteen years old; and that the waiver of the juvenile court's jurisdiction was in the best interests of the community. Our de novo review of the record leads us to the same conclusion.

In sum, we conclude that applicant was not denied effective assistance of counsel by attorney Bennett's failure to request a hearing on Jasper's transfer from juvenile court jurisdiction to district court. Accordingly, the postconviction court's judgment denying the application as to this assignment is affirmed.

B. *Withdrawal of proposed plea bargain.* After transfer of Jasper's case to district court, the State filed a trial information charging Jasper with second-degree sexual abuse. The State and applicant thereafter reached a plea agreement pursuant to which the State agreed to amend the trial information to charge the lesser offense of lascivious acts with a child, Iowa Code section 709.8, and pursuant to which Jasper agreed to plead guilty. However, the State ultimately withdrew the proposed plea agreement. This is because one of the elements the State must prove in order to establish lascivious acts with a child is that the alleged offender was eighteen years of age or older at the time of the offense. *See id.* Because Jasper was not yet eighteen at the time of the alleged commission of the offense, there was no factual basis for the proposed plea. Jasper acknowledged the withdrawal of the proposed plea at the hearing on the plea agreement.

■ On this appeal, applicant contends that he was denied effective assistance of counsel because attorney Bennett did not challenge, on equal protection grounds, the State's withdrawal of its proposed plea agreement. Applicant now contends, *inter alia*, that Iowa Code section 709.8 discriminates against persons of his class, *i.e.*, those under eighteen years of age, in violation of the equal protection clauses of the United States and Iowa Constitutions. U.S. Const. amend. XIV; Iowa Const. art. I, § 6.

All grounds for postconviction relief available to an applicant must be raised in the original, supplemental, or amended application. *See* Iowa Code § 663A.8. Here, Jasper's application for postconviction relief made no mention of applicant's present equal protection contention, nor of the State's withdrawal of the proposed plea bargain. Also, the postconviction court did not rule on the present contention. We, thus, do not consider applicant's contentions because they were not preserved for our review.

C. *Waiver of jury trial.* Shortly before his criminal trial, Jasper requested that a jury trial be waived. *See* Iowa R.Crim.P. 16. After the court conducted an oral examination of Jasper, it concluded that he had knowingly, voluntarily, and intelligently waived a jury trial. The case then proceeded to a bench trial.

Applicant contends that he was denied effective assistance of counsel because of attorney Kelly's suggestions that applicant waive a jury trial.[2] Jasper's application claims, *inter alia*, that he was prejudiced by the waiver of a jury trial because the district court knew the negative results of the polygraph examination, which results were inadmissible at trial. We disagree with applicant's contentions.

■ First, we note that attorney Kelly's conduct in recommending waiver of a jury trial did not fall outside a normal range of competency. In fact, he testified that his recommendation was a calculated strategy designed to keep allegations of a "potentially inflammatory" nature concerning an alleged act with a young girl away from a jury composed of lay persons. Tactical decisions such as this are usually immune from subsequent attack by an aggrieved defendant claiming ineffective assistance of counsel. *Kane*, 436 N.W.2d at 627; *see also State v. Combs*, 316 N.W.2d 880, 884 (Iowa 1982) (defendant did not prove ineffectiveness of counsel arising from waiver of a jury; decision to waive jury trial was tactical); *State v. Killpack*, 276 N.W.2d 368, 372 (Iowa 1979) (counsel's advice to forego a jury trial did not fall outside a range of normal competency). This is especially so where, as here, Jasper invited the error of which he now complains.

■ Second, we do not believe that applicant was prejudiced by the fact that his case was tried before the court, even though the court knew the negative results of applicant's polygraph examination. A court's mere knowledge of inadmissible evidence does not predicate error where the court states that it will not consider the inadmissible evidence. *See, e.g., State v. Monaco*, 230 N.W.2d 485, 487 (Iowa 1975). Here, the criminal court specifically stated on the record that it would not consider the results of the examination in deciding upon Jasper's guilt or innocence. Our review of the record does not lead us to believe that the criminal court improperly considered this evidence in its findings of fact and judgment.

We thus conclude that Jasper was not denied effective assistance of counsel by his waiver of a jury trial. Accordingly, the postconviction court ruling denying the application as to this assignment is affirmed.

D. *Polygraph examination.* Applicant contends that attorney Kelly rendered ineffective assistance by introducing into evidence Jasper's confession to the polygraph

---

2. Insofar as applicant claims that attorney Kelly rendered ineffective assistance by failing to ascertain applicant's competence to waive a jury trial, Iowa Code sections 812.3 and 812.4, applicant's claim was not properly preserved for our review because it was not alleged in his application for postconviction relief, nor considered by the postconviction court. *See* Iowa Code § 663A.8.

examiner, Holm. Applicant also says appellate counsel was ineffective for failing to raise this issue on direct appeal. On these points, applicant now asserts that Holm was a confidential clerk of Kelly, Iowa Code section 622.10, and that Kelly's conduct fell outside a range of normal competency because Kelly allowed Holm to speak with police authorities regarding the polygraph examination.[3] Thus, applicant argues that he was prejudiced by Kelly's conduct in eliciting from applicant, during direct examination at the criminal trial, testimony about his confession to Holm.[4]

■ Pursuant to the first prong of the test for determining whether counsel's conduct amounted to ineffective assistance, we do not believe that attorney Kelly's conduct in bringing into evidence Jasper's confession fell outside a normal range of competency. This is because we do not believe that Kelly should be charged with not knowing whether applicant's statements to Holm were in confidence. More specifically, Kelly had no reason to know whether a state-funded polygraphist such as Holm was a "confidential clerk" of Kelly because this court has never made a ruling either way on this issue.

Indeed, very few courts have ever considered the question of whether a polygraphist may be considered an attorney's confidential clerk. Jasper has cited to us four cases where the courts held that polygraphists hired to assist attorneys may be considered confidential clerks. *See, e.g., Brown v. State,* 448 N.E.2d 10 (Ind.1983); *People v. Marcy,* 91 Mich.App. 399, 283 N.W.2d 754 (1979); *People v. George,* 104 Misc.2d 630, 428 N.Y.S.2d 825 (1980); *State v. Rickabaugh,* 361 N.W.2d 623 (S.D.1985). However, like most other courts, we have never had occasion to rule on this issue.

As such, we are not prepared to say that attorney Kelly's conduct in bringing into evidence Jasper's confession fell outside a range of normal competency. It is not necessary that counsel such as attorney Kelly know what the law may become in the future in order to provide effective assistance of counsel. · *See Snethen v. State,* 308 N.W.2d 11, 16 (Iowa 1981) (where at time of trial physician-patient privilege did not apply to court-ordered evaluations (although the law later changed), defense counsel's failure to object to psychiatrist's testimony about defendant's statements did not constitute ineffective assistance).

Even if we assume that attorney Kelly performed deficiently in eliciting from Jasper *during direct examination* testimony about his confession to Holm, we do not believe that Jasper was prejudiced thereby. Although a defendant's own testimony about his previous confession usually cannot be considered helpful to his defense, we do not believe that this applicant's testimony about *his previous confession was necessarily inconsistent with his other testimony denying commission of the charged offense.* *See Losee,* 354 N.W.2d at 244 (defendant not denied effective assistance by counsel's elicitation of potentially damaging testimony from psychologist, as psychologist's testimony did not necessarily contradict defendant's denials).

■ The criminal trial transcript shows that Jasper's testimony consisted of a series of denials of having committed the charged crime. When attorney Kelly asked Jasper on direct examination whether he had ever confessed to the charged crime, Jasper testified that he had made such a statement to Holm, but had done so only because he "was scared." We believe

---

**3.** Iowa Code section 622.10 provides, in part:

A practicing attorney, ... or the stenographer or confidential clerk of any such [attorney], who obtains information by reason of the person's employment, ... shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the

person's office according to the usual course of practice or discipline....

**4.** Insofar as Jasper argues that Kelly rendered ineffective assistance by failing to advise him not to make any statements to Holm outside of the actual polygraph examination, Jasper's claim was not properly preserved for our review because it was not alleged in his application for postconviction relief, nor considered by the postconviction court. *See* Iowa Code § 663A.8.

that the admission of applicant's confession in this manner was not inconsistent with his general denials. Thus, Kelly's purposeful elicitation of the confession, which he said he did during Jasper's direct examination before the State could have a chance to bring it up during rebuttal, did not work to applicant's prejudice.

Finally, even assuming Jasper's confession had not been introduced into evidence, we believe, from our de novo review of the record, that there was substantial other evidence presented at trial to support the criminal court's findings that Jasper had committed second-degree sexual abuse of a child. *Accord Kyle v. State*, 364 N.W.2d 558, 562–64 (Iowa 1985) (assuming counsel's decision not to seek suppression of defendant's confession constituted ineffective assistance, defendant was not prejudiced in light of his statements to others); *see also Thompson v. Scurr*, 668 F.2d 999 (8th Cir.1982), *cert. denied*, 459 U.S. 883, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982) (failure of trial counsel to object to admission of defendant's confession did not constitute ineffective assistance because there was considerable independent evidence of defendant's guilt). The evidence consisted of the testimony of the victim detailing that an illicit sex act occurred; the testimony of the victim's mother that the victim's behavior changed subsequent to the sex act and that the victim was afraid to go into the bedroom alone; and the testimony of a friend of the victim corroborating that a sex act occurred. All of this testimony supported the State's assertions that Jasper committed an illicit sex act. Jasper thus has failed to carry his burden to show that there is a reasonable probability that, but for his counsel's alleged errors, the result of these proceedings would have been any different. *See Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986).

In summary, we agree with the postconviction court that applicant was not denied effective assistance of counsel by Kelly's bringing into evidence applicant's confession to the polygraphist Holm. Accordingly, the judgment of the postconviction court denying the application as to this assignment is affirmed.

III. *Disposition.* We hold that applicant Jasper was not denied effective assistance of counsel in any of the respects preserved for this appeal. As to those assignments of error which were not properly preserved for our review, applicant may, upon an appropriate showing, pursue other remedies. *See* Iowa Code § 663A.8.

The judgment of the postconviction court is affirmed.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.