# IN THE COURT OF APPEALS OF IOWA

No. 16-1173
Filed May 17, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEVIN RAYMOND JONES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

        Kevin Jones appeals his consecutive sentences following a guilty plea to two charges.  **AFFIRMED.**

        Joseph P. Vogel of Vogel Law, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Kevin Raymond Jones pled guilty to operating a motor vehicle while intoxicated (third offense) and eluding, both Class D felonies.[1] The State agreed to dismiss other pending charges and recommended "two separate five-year sentences to be run consecutive." The district court adjudged Jones guilty and sentenced him to prison terms not exceeding five years on each of the counts, to be served consecutively.

On appeal, Jones contends "the [district] court erred in sentencing [him] to consecutive sentences pursuant to a plea agreement as no actual agreement existed pursuant to Iowa Rule of Criminal Procedure 2.10." He specifically argues that the State did not "make a record as to whether the joint agreement was to incarcerate [him], placed him on probation, or argue the issue," "no record was made by either party prior to the actual plea as to the disposition of fines, surcharges, court costs, attorney fees, or restitution," and the district court "missed an opportunity to defer the acceptance of the plea agreement by not simply ordering a pre-sentence investigation in this matter."[2]

The State responds by noting that, while Jones frames his argument as a sentencing challenge, it is really "a challenge to the district court's acceptance of his guilty pleas." The State asserts "direct consideration of challenges to his guilty pleas on appeal is barred" because Jones "was informed of his right to file

---

[1] Jones's written petition to plead guilty was styled as a petition relating to "operating while intoxicated" (OWI). However, the body of the petition stated his plea was to eluding as well as OWI third.

[2] In fact, the district court explained that it might behoove Jones to delay sentencing for six to eight weeks to obtain a presentence investigation report, which the court could consider in deciding whether to impose consecutive sentences. Jones declined this option.

a motion in arrest of judgment" to challenge his plea "and he waived this right, requesting immediate sentencing." *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (stating "[g]enerally, '[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal'" but noting an exception where the district court fails to properly inform the defendant of this right (second alteration in original) (quoting Iowa R. Crim. P. 2.24(3)(a))). We agree with the State.

The district court informed Jones of his right to file a motion in arrest of judgment to challenge the plea, outlined the time frames for doing so, explained that if Jones wished to proceed to immediate sentencing he would not be in a position to file such a motion, and asked Jones if he wished to waive his right to file a motion. Jones responded, "I'll waive it." Because Jones waived his right to file a motion in arrest of judgment and does not contend counsel was ineffective in allowing him to waive this right, he cannot challenge the adequacy of his plea on direct appeal.

To the extent Jones's appellate argument could be read as a challenge to the imposition of consecutive sentences, error preservation would not be an impediment to our review. *State v. Richardson*, 890 N.W.2d 609, 615 (Iowa 2017). The challenge fails because Jones agreed to consecutive sentencing. Specifically, his attorney "ask[ed] the court [to] run the sentences consecutive," and the district court sought confirmation of this request with Jones, as follows: "It's my understanding that you are acceptable to . . . the recommendation of the County Attorney that you be sentenced consecutively. And you've agreed to

that; is that correct, Mr. Jones?" Jones responded, "Yes." Having agreed to consecutive sentences, Jones cannot now be heard to complain about those sentences. *See Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) ("Applicant cannot deliberately act so as to invite error and then object because the court has accepted the invitation.").

We affirm Jones's judgment and sentences for OWI third and eluding.

**AFFIRMED.**