# IN THE COURT OF APPEALS OF IOWA

No. 17-0336
Filed March 21, 2018

**JAMES N. FRANZEN,**
        Petitioner-Appellant,

**vs.**

**JODY C. MYERS and KENNETH M. O'REGAN,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        In this interlocutory appeal, James Franzen challenges the district court's

orders relating to a motion to quash a subpoena.  **AFFIRMED.**



        Bruce J. Toenjes of Nelson & Toenjes, Shell Rock, for appellant.

        Eashaan Vajpeyi of Ball, Kirk & Holm, P.C., Waterloo, for appellee

Kenneth M. O'Regan.

        Mark E. Mershon of Mershon Law Firm, Cedar Falls, for interested party

Jackson Auction Company.



        Considered by Vogel, P.J., Mullins, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

James Franzen commenced this action in 2013, with the filing of a "Petition and Complaint" against defendants "John Doe(s) and other unknown Defendant(s)." Franzen subsequently filed an amendment to the petition, identifying the current named defendants Jody Myers and Kenneth O'Regan and raising claims for trespass and conversion.[1] Franzen alleged Myers and O'Regan participated in the trespass of his premises and in the conversion of his property "whether jointly or singly" and "alone or in concert with other currently unknown defendants."

In 2016, Franzen served a subpoena on Jackson Auction Company, directing Jackson Auction to produce documents and information relating to the sale of certain enumerated items "listed in the catalog for . . . auction sale" in 2004 and 2005. Jackson Auction filed an objection to the subpoena, a motion to quash, and a motion for a protective order with the district court. A month later, Jackson Auction filed an amended motion to quash. Jackson Auction objected to the subpoena, claiming Franzen had requested information and records from it for years—beginning in 2007 or 2008—based on Franzen's belief that Jackson Auction had sold property that had been stolen from his family. According to Jackson Auction, Franzen continued to add items "gleaned from the Jackson Auction website" to his list, but Franzen had "show[n] no proof of ownership, proof of pictures, any type of bills of sale, insurance policies, or any provenance that he or his family ever owned any of these items." Jackson Auction further pointed out that some of the items enumerated in the subpoena were subject to a

---

[1] Defendant Myers died in March 2017.

prior probate case, in which Franzen had alleged property was stolen by a different individual and sold by Jackson Auction.[2]

A hearing took place on Jackson Auction's motion to quash, in which the court received arguments from Franzen and Jackson Auction. Jackson Auction argued it was burdensome and costly for it to accommodate Franzen's never-ending requests for production. Jackson Auction also alleged Franzen's conduct negatively affected its business and reputation because, upon learning who purchased items from Jackson Auction, Franzen contacted and questioned the customers.[3] Jackson Auction emphasized Franzen had never presented any proof the items were stolen from him. Franzen's counsel responded, "The only issue about burden here is cost. And if there is a cost issue, then my client can be assessed the cost of obtaining the information." In light of Jackson Auction's concerns about Franzen's treatment of its customers, Franzen agreed the court could conduct an in-camera review of the requested documents.

Following the hearing, the court entered an order staying the subpoena, prohibiting Franzen from contacting any further customers of Jackson Auction until further notice, and allowing Jackson Auction to "submit the documents requested by subpoena to the court for in camera review to possibly resolve the need for the [remainder of the] hearing." Jackson Auction submitted the materials to the court, and after conducting an in camera review, the court issued the following order on February 1, 2017:

> The court ordered an in camera review of documents
> Plaintiff subpoenaed from Jackson [Auction] to determine whether

---

[2] Franzen acknowledges that prior proceeding in his brief.
[3] Franzen admitted to deposing at least one of Jackson Auction's customers.

they should be disclosed based on Plaintiff's prior treatment of Jackson customers. The court has reviewed the prepared materials and does not believe they should be placed in the hands of the plaintiff. However, his attorney should be allowed to review them in chambers in order to present any further argument as to why they should be released. However, that privilege shall be conditioned upon Plaintiff's payment of the expenses incurred by Jackson in assembling the materials.

IT IS ORDERED THAT:

1. Upon payment of the $3900.00 invoice presented by Jackson with the bound materials, plaintiff's counsel shall be allowed to review the materials in chambers in Chickasaw County by appointment with the undersigned. The materials will be kept under seal until those arrangements have been made.

2. If, following review, plaintiff can articulate a specific reason why the materials should be made public and placed in his hands, a further hearing will be held.

3. Plaintiff and his counsel shall not issue any further subpoenas to Jackson pending counsel's review of the materials.

4. If, upon review of the materials, Plaintiff feels it necessary to contact any person identified in the materials, it shall be done only upon notice to Jackson and only upon permission of the court following hearing.

This order is entered to protect Jackson from ongoing interference into its affairs by plaintiff.

The court also entered a separate order stating, "Based on the court's recent order a[s] to the motions to quash, the hearing set for February 10, 2017 is cancelled." Franzen filed an application for interlocutory appeal from the district court's orders filed February 1, 2017. The Iowa Supreme Court granted the application and transferred the case to this court.[4]

Franzen contends the court's ruling "impos[ed] improper and unreasonable conditions on discovery." According to Franzen, "[T]he information sought [was] reasonably calculated to lead to the discovery of admissible

---

[4] Defendant O'Regan, the only remaining named defendant in this case since the death of defendant Myers, filed a statement of waiver of brief on appeal. Similarly, Jackson Auction, as an interested party, filed a notice to the court that it would not participate in the appeal.

evidence about the sales and ultimately who received the proceeds of sales of other items that Plaintiff claims were stolen from him, and to whether or not either Defendant is liable for those thefts." In other words, Franzen contends "the information sought . . . is within the scope of permissible discovery."[5]

The district court is vested with wide discretion in rulings on discovery matters. *Carolan v. Hill*, 553 N.W.2d 882, 886 (Iowa 1996). Consequently, we reverse only upon a finding of an abuse of that discretion. *Mediacom Iowa, L.L.C. v. City of Spencer*, 682 N.W.2d 62, 66 (Iowa 2004) (explaining an abuse of discretion will be found when the district court exercises its discretion on grounds or for reasons that are clearly untenable or to an extent that is clearly unreasonable); *see also Baker v. City of Iowa City*, 750 N.W.2d 93, 97 (Iowa 2008). Discovery rules are to be liberally construed to effectuate disclosure of all relevant and material information to the parties. *Carolyn*, 553 N.W.2d at 886.

---

[5] In a footnote on the final page of his brief, Franzen raises a request "that further proceedings be before a different judge," because "[t]his judge has prejudged this discovery matter" and "[t]his judge has also twice before made highly unusual rulings in this case, creating a concern of objectivity toward Plaintiff." We do not interpret this as a claim properly before us; a random mention of an issue, without elaboration or supportive authority, is not sufficient to raise an issue for review. *EnviroGas, L.P. v. Cedar Rapids/Linn Cty. Solid Waste Agency*, 641 N.W.2d 776, 785 (Iowa 2002). A party's failure in a brief to cite authority in support of an issue may be deemed waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3) (stating the argument section shall include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . [and f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). In any event, we find no support in the record for Franzen's fleeting complaint. And to the contrary, it appears the judge who issued the February 1 orders previously entered orders that were favorable to Franzen: a November 2014 order denying a motion to dismiss Franzen's petition ("While the court finds merit in Defendant's motion, dismissal at this stage of the proceedings is not merited when looking at Plaintiff's case in the most favorable of lights. . . ."); and a September 2015 order granting Franzen's motion for relief from dismissal under Iowa Rule of Civil Procedure 1.944.

"A party may defeat discovery by establishing that the material sought is privileged or irrelevant." *Id.* It was Jackson Auction's burden to show the subpoenaed information should be subject to protection. *Id.* ("One resisting discovery through assertion of privilege has the burden of showing that a privilege exists and applies."). Although an asserted privilege is to be narrowly construed, *see id.*, "[t]he liberal philosophy undergirding Iowa's discovery rules must be balanced with the competing policy interest in protecting litigants from an unwarranted invasion of their privacy interest[s]." *See Unterberger v. Bresnahan*, No. 09-1533, 2010 WL 2925843, at *4 (Iowa Ct. App. July 28, 2010).

Upon our review of Franzen's brief and the voluminous record produced thus far in the early stages of this case, we find no abuse of the court's discretion in its ruling. Iowa Rule of Civil Procedure 1.503 governs the scope of discovery. That rule provides, in part:

> On motion or on its own, the court shall limit the frequency or extent of discovery otherwise allowed by these rules if it determines that:
> a. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or]
> . . .
> c. The burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Iowa R. Civ. P. 1.503(8). The court's ruling is supported by these provisions.

Moreover, we point out the court's ruling did not prohibit Franzen's discovery, it merely placed some preliminary requirements on Franzen. At hearing, Franzen agreed "if there is a cost issue, then [he] can be assessed the

cost of obtaining the information." He cannot be heard to complain about a ruling he agreed to. *See Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting a litigant "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"). Jackson Auction estimated it would take "fifty to seventy-five hours" to compile the information requested by Franzen; given that estimation—even if overstated—Jackson Auction's invoice requesting $3900 was reasonable under these circumstances.

For these reasons, we affirm the district court's February 1, 2017 orders.

**AFFIRMED.**