# IN THE COURT OF APPEALS OF IOWA

No. 18-1403
Filed April 17, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AMANDA CAYE DREIER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

        Amanda Dreier appeals from the sentence imposed upon her plea of guilty

to conspiracy to commit a felony, sexual exploitation by a school employee.

**AFFIRMED.**

        Gerald B. Feuerhelm of Feuerhelm Law Office, P.C., Des Moines, for

appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

        Considered by Tabor, P.J., Bower, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

Amanda Dreier appeals following her plea of guilty to and sentence imposed upon her conviction for conspiracy to commit the felony of sexual exploitation by a school employee, in violation of Iowa Code sections 706.1(1)(a) and 706.3(2) (2015).

Iowa Code section 907.3(1)(a), provides: "With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require." Dreier contends the court stated it was without authority to grant a deferred judgment unless a defendant requested it and asks that we remand this case for resentencing with a directive to the district court that no request by the defendant is required. However, we note the sentencing court stated on the record it was not interested in discussing the possibility of a deferred judgment; so, whether the defendant requested a deferred judgment or would consent to a deferred judgment is a nonissue.

We also note the order accepting the plea specifically states Dreier could not request *nor accept* a deferred judgment. Here, the court simply adopted the parties' joint recommendations. *See State v. Cason*, 532 N.W.2d 755, 756-57 (Iowa 1995) (holding where "the sentencing court was merely giving effect to the parties' agreement" no abuse of discretion occurred). The sentence imposed was in accordance with the plea agreement and within statutory limits. We therefore affirm the sentence imposed. *See Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) ("Applicant cannot deliberately act so as to invite error and then object because the court has accepted the invitation.").

**AFFIRMED.**