# IN THE COURT OF APPEALS OF IOWA

No. 23-0229
Filed September 27, 2023

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DARRELL LYNN JONES**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, John R. Flynn,
Judge.

A defendant appeals the denial of his motion in arrest of judgment.

**APPEAL DISMISSED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney
General, for appellee.

Considered by Greer, P.J., Badding, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**BADDING, Judge.**

In June 2021, Darrell Jones pled guilty to one count of intimidation with a dangerous weapon under Iowa Code section 708.6(2) (2020) and two counts of possession of a firearm by a felon under section 724.26(1)—all class "D" felonies.[1] As part of the plea agreement, the State agreed to a bond reduction and Jones's release with supervision. Following a hearing, the court accepted the pleas and set the matter for sentencing. Jones posted bond a few days later. Come September, the State moved to revoke Jones's release on bond, alleging he had been using controlled substances and participating in criminal activity. The court granted the motion and issued an arrest warrant. Jones was arrested two days later.

Three days after his arrest, Jones filed a motion in arrest of judgment, seeking to withdraw his pleas due to "defects in the plea proceeding." One of the defects identified by Jones was the court's failure to inform him that intimidation with a dangerous weapon under section 708.6(2) "is arguably a forcible felony such that his plea was not knowing and voluntary." Jones was appointed new counsel after the motion was filed. At the hearing on the motion in October, that attorney took a different position than his predecessor, arguing the charge was *not* a forcible felony. The State agreed, as did the court. After resolving Jones's other claimed defects, and reaffirming his desire to plead guilty to the three charges, the court denied Jones's motion in arrest of judgment. The court also granted Jones's

---

[1] The amended trial information included a separate class "C" felony charge of intimidation with a dangerous weapon under section 708.6(1), but the plea agreement called to dismiss that charge.

request to be released "under supervision to the Iowa Department of Correctional Services, with the condition that he shall have an ankle-monitoring bracelet secured to his person at all times."

In November, the State again moved to revoke Jones's release on bond, alleging multiple violations. The court granted the motion and issued an arrest warrant. Another warrant issued after Jones failed to appear for the scheduled sentencing hearing in January 2022. Jones was not arrested until roughly a year later. A sentencing hearing was held in February 2023, at which the court sentenced Jones to indeterminate terms of imprisonment not to exceed five years on each of the three counts, with two being served concurrently with one another but the third being served consecutively to the others. The court did not impose a minimum sentence of confinement and set bond on appeal. *Cf.* Iowa Code §§ 811.1(2) (denying bail to a defendant appealing a forcible felony conviction), 902.7 (imposing a minimum sentence of confinement for use of a dangerous weapon while participating in a forcible felony).

Jones now appeals, claiming his "guilty plea was unknowing and involuntary because he had not been accurately informed he was pleading to a forcible felony with enhanced penalties." No matter how Jones tries to frame it, the ruling being challenged is the district court's denial of his motion in arrest of judgment to withdraw his guilty plea to intimidation with a dangerous weapon.

Anticipating a jurisdictional challenge from the State, Jones argues he has good cause to appeal following his guilty plea because he filed a motion in arrest of judgment. *See* Iowa Code § 814.6(1)(a)(3) (limiting right of appeal to convictions following a guilty plea to class "A" felonies "or in a case where the defendant

establishes good cause"); *State v. Tucker*, 959 N.W.2d 140, 153–54 (Iowa 2021) (finding failure to file motion in arrest of judgment despite being adequately advised of consequences of such failure precludes appellate relief and therefore negates good cause). But the fact that he filed a motion in arrest of judgment makes section 814.6(1) inapplicable; rather, "the proper vehicle for [Jones's] challenge lies under Iowa Code section 814.6(2)(f), which permits discretionary review from an order denying a motion in arrest of judgment on grounds other than an ineffective-assistance-of-counsel claim."[2] *State v. Nguyen*, No. 22-0471, 2022 WL 5069582, at *1 (Iowa Ct. App. Oct. 5, 2022); *accord State v. Tutson*, No. 21-0990, 2022 WL 1236763, at *1 (Iowa Ct. App. Apr. 27, 2022) ("We conclude an

---

[2] In his reply brief, Jones submits that because "he separately appeals his guilty plea as unknowing and involuntary," instead of only appealing the denial of his motion in arrest of judgment, he has a right to appeal under section 814.6(1)(a)(3). But there is no separate challenge to be had. The motion in arrest of judgment is the middle man between an alleged plea deficiency and any relief on appeal. *See* Iowa R. App. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Once a defendant files a motion in arrest of judgment, as Jones did, it opens the door for appellate relief. At the same time, however, the motion sets the confines for appellate review from an error-preservation standpoint. So the appellate court is only reviewing the "order denying a motion in arrest of judgment," which expressly falls under the discretionary-review avenue for appellate jurisdiction. *See* Iowa Code § 814.6(2)(f).

Even if section 814.6(1)(a)(3) applied, we would conclude Jones failed to establish good cause to challenge the denial of his motion in arrest of judgment. Whether the variation of intimidation with a dangerous weapon Jones pled guilty to is a forcible felony or not, he successfully convinced the court and prosecutor that it wasn't at the hearing on the motion in arrest of judgment. Appellate courts will not provide relief when a litigant invites error in the district court and then complains when the court accepts the invitation. *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991); *see also State v. Gordon*, 943 N.W.2d 1, 5 (Iowa 2020) (finding "substantial authority for the proposition that a criminal defendant who enters a plea agreement with an illegally lenient sentence cannot benefit from that sentence and then attack the plea bargain"). And the absence of available relief precludes the establishment of good cause. *See Tucker*, 959 N.W.2d at 153.

application for discretionary review is the appropriate vehicle to challenge a ruling on a motion in arrest of judgment.").

Iowa Rule of Appellate Procedure 6.108 authorizes us to treat Jones's notice of appeal as an application for discretionary review, but "[n]othing in this rule shall operate to extend the time for initiating a case." As noted, Jones is challenging the order denying his motion in arrest of judgment, which was entered in October 2021. His notice of appeal was not filed until February 2023—about sixteen months later. "An application for discretionary review must be filed within 30 days after entry of the challenged ruling, order, or judgment of the district court." Iowa R. App. P. 6.106(1)(b). Because this jurisdictional deadline was not met, we are without appellate jurisdiction and therefore dismiss the appeal.[3] *See State v. Clausen-Klutse*, No. 10-2128, 2011 WL 3196300, at *2 (Iowa Ct. App. July 27, 2011) (properly treating notice of appeal as application for discretionary review but dismissing appeal for lack of jurisdiction because defendant "elected not to seek timely discretionary review").

**APPEAL DISMISSED.**

---

[3] From a practical standpoint, we observe that motions in arrest of judgment are often considered and decided at the sentencing hearing. *See, e.g.*, *Nguyen*, 2022 WL 5069582, at *1; *Tutson*, 2022 WL 1236763, at *1. In that common scenario, the timeliness of notices of appeal and applications for discretionary review would run under the same general time constraints. *See* Iowa Rs. App. P. 6.101(1)(b) (thirty days for appeals from final orders and judgments), .106(1)(b) (thirty days for applications for discretionary review). As a result, the jurisdictional restraint present under the unique facts of this case because of Jones's failure to appear at his sentencing hearing would not impede appellate jurisdiction.