**IN THE COURT OF APPEALS OF IOWA**

No. 24-1316
Filed October 2, 2024

**IN THE INTEREST OF S.S. and I.S.,**
**Minor Children,**

**J.S., Mother,**
       Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, Judge.

The mother appeals the juvenile court's dispositional review order. **AFFIRMED.**

Camille Kahn of Brubaker, Flynn & Darland, P.C., Davenport, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Brian P. Donnelly of Mayer, Lonergan & Rolfes, Clinton, attorney and guardian ad litem for minor children.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**GREER, Presiding Judge.**

In December 2023, the mother was arrested after assaulting the father in the presence of their children, S.S. (born in 2014) and I.S. (born in 2013). The mother has a history of methamphetamine use, and the father suspected the mother used the drug prior to the attack. When the Iowa Department of Health and Human Services became involved following the incident, the mother refused to cooperate with drug testing. Following a contested hearing, the children were adjudicated in need of assistance (CINA) and formally removed from the mother's custody. S.S. and I.S. were to remain in the family home in the father's custody, and the mother was allowed only supervised contact with the children.

Before both the April dispositional hearing and the July dispositional review hearing, the department recommended to the court that the children remain adjudicated CINA and in the custody of just the father.[1] It also asked the court to "make a determination that the department is making reasonable efforts towards the children's permanency goal." The mother did not contest any of these recommendations.

Now, on appeal from the dispositional review order, the mother argues (1) the department failed to make reasonable efforts to reunify her with the children and (2) the juvenile court should have concluded the CINA proceedings have served their purpose and close the cases. The mother's claims are contrary to the stance she took below, when she expressly stated she was not contesting the

[1] As a side note, at the dispositional review hearing, the juvenile court opined it was "ridiculous" that the children had been on a waiting list for counseling for three months and pushed for the counseling to begin. We join in that characterization and hope the court's directive was accomplished for the children's best interests.

department's recommendations. Because the mother acquiesced to these rulings, she waived any right to challenge them now.[2] *See, e.g.*, *Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) (noting one "cannot deliberately act so as to invite error and then object because the court has accepted the invitation"); *McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989) ("[I]t is elementary a litigant cannot complain of error which he has invited or to which he has assented.").

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(c), (e).

**AFFIRMED.**

---

[2] We recognize that at the hearing, the mother "express[ed] disappointment" that when she completed a treatment program in Colorado, her provider was on vacation and out of contact. And she asked the department to provide help in the future to aid her transition from living in South Carolina (where she was residing as of the dispositional review hearing) back to living in Iowa. We do not understand either of these to be an assertion the department failed to meet its reasonable-efforts mandate, especially in the face of the mother's statement that the hearing was uncontested.