**IN THE COURT OF APPEALS OF IOWA**

No. 24-0082
Filed March 5, 2025

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**TYLER JOHN GOODE,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Becky Goettsch, Judge.


　　A defendant appeals the sentence imposed following his guilty plea.
**AFFIRMED.**


　　Daniel M. Northfield, Urbandale, for appellant.

　　Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney

General, for appellee.


　　Considered by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Tyler Goode appeals the sentence imposed following his *Alford* plea[1] to harassment in the first degree, an aggravated misdemeanor, in violation of Iowa Code section 708.7(2) (2023).[2] Goode claims (1) the district court erred when it declined to follow the sentencing recommendation in the plea agreement and (2) the State breached the plea agreement by not attending Goode's sentencing hearing, arguing the absence constituted a failure to advocate for the sentencing recommendation provided in the agreement. But because Goode gave prior consent to the State's absence at the sentencing hearing, Goode waived any right to allege such absence breached the agreement.[3] *See Jasper v. State*, 477 N.W.2d 852, 856 (Iowa 1991) ("Applicant [for postconviction relief] cannot deliberately act so as to invite error and then object because the court has accepted the invitation."); *McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989) ("[A] litigant cannot complain of error which he has invited or to which he has assented.").

---

[1] We have jurisdiction to hear Goode's appeal because Goode has established good cause by challenging the sentence imposed, which was not mandatory nor an agreed term of the plea deal. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

[2] Goode's plea agreement covered multiple offenses and has resulted in two proceedings on appeal. This appeal covers only his *Alford* plea to the charge of harassment in the first degree. His other appeal, case number 24-0080, is separate from our review.

[3] Goode also waived reporting on the proceedings. The record on appeal contains statements of proceedings, filed by Goode and substantially adopted by the district court. Goode's consent to the State's absence is admitted in one such filing.

We review the imposition of a sentence following conviction for legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* A district court is not bound by the sentencing recommendation of a plea agreement. Iowa R. Crim. P. 2.10(3). When the sentence imposed is within the statutory limits, the district court's sentencing decision "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. Goode bears the burden of "overcom[ing] the presumption in favor of the sentence." *Damme*, 944 N.W.2d at 106.

Goode does not dispute that his sentence is within the statutory limits. *See* Iowa Code § 903.1(2) (imposing a statutory maximum two-year term of imprisonment for an aggravated misdemeanor). Goode argues his sentence is overly harsh and does not advance the societal aim of criminal sentencing, which balances rehabilitation with community protection. *See Formaro*, 638 N.W.2d at 724. Determining what sentence will best achieve this balance is within the discretion of the district court. *See* Iowa Code § 901.5.

The record here shows the district court "was very concerned with the previous six months of [Goode's] conduct," which included a conviction for "simple assault with the same victim." The record also shows the court considered factors relevant to criminal sentencing. *See Formaro*, 638 N.W.2d at 724–25 (recognizing relevant factors to criminal sentencing "includ[e] the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform").

Goode challenges the district court's decision not to give more weight to Goode's successful thirty-day inpatient alcohol treatment and its concern with Goode's other criminal acts. But he points us to no legal authority supporting his specific challenges. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). And Goode's disagreement with the district court's assessment of what sentence will best serve the goals of criminal sentencing does not alone establish an abuse of discretion. *See State v. Neubauer*, No. 17-1320, 2018 WL 1099229, at *1 (Iowa Ct. App. Feb. 21, 2018) ("The defendant's mere disagreement with the district court's exercise of discretion is not a ground for relief.").

We conclude Goode has not met his burden of demonstrating the district court abused its discretion when it declined to adopt the recommended sentence in the plea agreement and imposed a sentence that was within the statutory limit. Accordingly, we affirm.

**AFFIRMED.**