STATE of Iowa, Appellee,

v.

Pamela BERGMANN, Appellant.

No. 98–265.

Supreme Court of Iowa.

Sept. 9, 1999.

Carol J. Walker, Davenport, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, William E. Davis, County Attorney, and Kelly G. Raines and Joseph Grubisich, Assistant County Attorneys, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

TERNUS, Justice.

The defendant claims her sentences should be vacated because the prosecutor breached a cooperation agreement between the State and the defendant by recommending a term of incarceration at the sentencing hearing. We conclude that the State violated the cooperation agreement and, therefore, we vacate the defendant's sentences and remand for resentencing.

I. *Background Facts and Proceedings.*

The State filed a trial information charging the defendant, Pamela Bergmann, with three counts of delivery of a controlled substance, *see* Iowa Code §§ 124.401(1)(c)(6), 124.206(4)(b) (1995), and one count of a drug tax stamp violation, *see id.* §§ 453B.1(3)(a), .3, .7(2), .12. Shortly after the trial information was filed, assistant county attorney Realff Ottesen negotiated a cooperation agreement

with the defendant. Under the terms of this agreement, the defendant was required, among other things, to assist law enforcement officers in gathering evidence against specifically identified individuals, including making narcotic purchases from these individuals. In return the State promised, with respect to the pending criminal case against the defendant, to recommend that the defendant not be incarcerated as a result of any guilty pleas entered to the charges in that case. The agreement provided that if the defendant failed to fully cooperate, the agreement would become null and void.

Subsequently, the defendant entered into a written plea agreement with the State. Under the terms of this agreement, the defendant pled guilty to two counts of delivery of a controlled substance. In exchange for these guilty pleas, the State promised to recommend fines on both counts, that the defendant be required to pay victim restitution, and that the defendant obtain a substance abuse evaluation and treatment. The plea agreement allowed the State to "withdraw any recommendation previously made" if the defendant was arrested for additional offenses. The agreement made no mention of the cooperation agreement, but the State's plea-agreement obligation to recommend a fine on both counts was consistent with its obligation under the cooperation agreement to make a recommendation against incarceration. Pursuant to the plea agreement, the defendant pled guilty to two counts of delivery of a controlled substance.

When the defendant later appeared before the court for sentencing, assistant county attorney Kelly Raines informed the court that the defendant had been charged with possession of marijuana in the interim

---

* Retired justice serving as a senior judge pursuant to Iowa Code section 602.9206 (1999).

period between her guilty plea and sentencing. Prosecutor Raines concluded that, as a result of this charge, the State was released from its obligation to recommend probation: "I was willing to honor the [cooperation] agreement, obviously when I was assigned the case, but when there was a re-arrest ... my concerns are that [the defendant] would not do well on probation." For these reasons, the prosecutor·recommended incarceration. In response, defense counsel pointed out that the defendant had fully cooperated as required by the cooperation agreement. The county attorney acknowledged that the defendant "did everything under the agreement," but added, "I didn't think the agreement was a good idea just because of her prior criminal history, and if I had been in charge, I would not have entered into that agreement." The court sentenced the defendant to two indeterminate ten-year sentences, to run concurrently.

The defendant brought this appeal, claiming the prosecutor's recommendation of incarceration violated the cooperation agreement. She seeks to have her sentences vacated and the case remanded for resentencing or withdrawal of her guilty pleas.

## II. *Error Preservation.*

The defendant concedes that error was not preserved on her claim because her trial counsel did not make a specific objection to the prosecutor's recommendation. *See State v. Horness*, 600 N.W.2d 294, 297 (Iowa 1999). The defendant claims, however, that trial counsel's failure constitutes ineffective assistance of counsel. Therefore, we consider the defendant's appeal on this basis.

## III. *Discussion.*

■ A. *General principles governing ineffective-assistance-of-counsel claims.* Our review of ineffective-assistance-of-counsel claims is de novo. *See id.* Where the record is adequate, we will consider the merits of such claims on direct appeal. *See id.*

For the first time at oral argument, the State argued that the record was insufficient to address the defendant's claim on appeal. In contrast, in the State's appellate brief, the State merely argued that the plea agreement was not breached and the defendant's sentences should be affirmed. It would be fundamentally unfair to consider the argument advanced by the State for the first time in oral argument, because to do so would deprive the defendant of an adequate opportunity to address that issue. *Cf. Goodell v. Humboldt County*, 575 N.W.2d 486, 493 n. 8 (Iowa 1998) (holding that issue raised for the first time in reply brief would not be considered on appeal). Therefore, we accept the implicit assumption made by the parties in their appellate briefs that the record is sufficient to consider the defendant's challenge to her sentences on appeal.

■ To prove that she received ineffective assistance from her trial counsel, the defendant must establish that (1) her counsel failed in an essential duty, and (2) she suffered prejudice as a result. *See Horness*, 600 N.W.2d at 298. Before we discuss whether the defendant has proven these elements, it is important to identify the principles of law that determine the enforceability of cooperation agreements, as the enforceability of the agreement will impact whether the defendant's trial counsel omitted an essential duty and whether the defendant was prejudiced by this omission.

B. *Principles governing cooperation agreements.* Although we have considered the circumstances under which plea agreements are enforceable and the remedies available to a defendant when the State breaches a plea agreement, we have not had the opportunity to decide whether the same legal principles govern cooperation agreements between the State and a defendant. Our court has held that once a defendant has entered a plea of guilty based on a plea agreement, or detrimental-

ly relied on the plea arrangement, the State may not unilaterally withdraw from the agreement. *See State v. Epps,* 316 N.W.2d 691, 694 (Iowa 1982); *State v. Edwards,* 279 N.W.2d 9, 11 (Iowa 1979). Although this holding is based in part on the fact that the defendant waives certain constitutional rights by pleading guilty, it is also based on a desire to preserve the integrity of the justice system. *See Horness,* 600 N.W.2d at 298. Therefore, when the State makes sentencing recommendations in breach of a plea agreement after the defendant has entered a guilty plea in reliance on the agreement, the defendant is entitled to a new sentencing hearing before a different judge. *See id.* at 301. When trial counsel fails to object to the prosecutor's breach of the plea agreement and thereby prevents the defendant from receiving the benefit of the plea agreement, the defendant is prejudiced. *See id.* at 298.

■ We think the same rationale should apply to the breach of a cooperation agreement such as the one before us in this case. Although a defendant who cooperates with authorities pursuant to a cooperation agreement does not ordinarily waive fundamental rights as does a defendant who pleads guilty, there are still public interests at stake that require the State to live up to its bargain. Certainly, the "honor of the government [and] public confidence in the fair administration of justice" are implicated when the State breaches a cooperation agreement after the defendant has rendered the required assistance to law enforcement. *State v. Kuchenreuther,* 218 N.W.2d 621, 624 (Iowa 1974). We conclude, therefore, that when the defendant has performed as required by a cooperation agreement and, in performing, has acted to his or her detriment or prejudice, the cooperation agreement is enforceable in the same manner as a plea agreement. *See United States v. Carrillo,* 709 F.2d 35, 36 (9th Cir.1983); *State v. Howe,* 2 Neb.App. 766, 514 N.W.2d 356, 362 (1994); *see also State v. Lummus,* 449

N.W.2d 95, 100 (Iowa App.1989) (enforcing State's agreement not to prosecute in exchange for the defendant providing information about certain thefts because the defendant had detrimentally relied on the State's promise); *State v. Sturgill,* 121 N.C.App. 629, 469 S.E.2d 557, 562 (1996) (holding agreements not to prosecute in return for a defendant's confession "deserve the same scrutiny under contract and due process principles as promises made in the context of plea bargains").

We turn now to an analysis of the present case in the context of the defendant's ineffective-assistance-of-counsel claim. We discuss each element of her claim separately.

■ C. *Did defense counsel fail to perform an essential duty?* In *State v. Horness,* we held that trial counsel fails to perform an essential duty when the prosecutor makes a sentencing recommendation that is contrary to the State's plea agreement with the defendant, and defense counsel fails to object. 600 N.W.2d at 297. Therefore, the first issue we consider is whether the prosecutor breached the cooperation agreement.

The cooperation agreement clearly obligated the State to recommend probation in lieu of imprisonment on any charges in the pending criminal case to which the defendant entered a plea. This obligation was enforceable because the defendant had detrimentally relied on the cooperation agreement by making undercover narcotics purchases for law enforcement authorities. *See Howe,* 514 N.W.2d at 367 (holding defendant had detrimentally relied on cooperation agreement by providing information of criminal activity to law enforcement officials, providing self-incriminating information, and performing undercover work).

Despite the prosecutor's awareness of the State's obligation under the cooperation agreement, she recommended prison sentences on both charges to which the defendant pleaded guilty. Although the

prosecutor claimed at the sentencing hearing that the defendant's arrest on another criminal charge after pleading guilty released the State from its obligation, the State's obligations *under the cooperation agreement* were not contingent on the absence of any intervening arrests for criminal offenses. Moreover, the State has pointed to no conditions or contingencies in the cooperation agreement that were violated by the defendant so as to render the cooperation agreement null and void. To the contrary, the prosecutor acknowledged that the defendant had done everything required under that agreement. We conclude the State breached the cooperation agreement when it recommended incarceration contrary to its promise to recommend probation. *Cf. State v. Weig*, 285 N.W.2d 19, 22 (Iowa 1979) (holding State breached a plea agreement when it failed to recommend probation based on intervening criminal charges against the defendant when such a condition was not imposed in the agreement).

■ Having concluded that the State breached the cooperation agreement, we turn to the next issue—whether trial counsel failed to perform an essential duty when he did not object to the State's breach. Our observation in *Horness*, where trial counsel failed to object to the State's breach of a plea agreement, is equally applicable here:

> When the State breached the plea agreement, the defendant's trial counsel clearly had a duty to object; only by objecting could counsel ensure that the defendant received the benefit of the agreement. Moreover, no possible advantage could flow to the defendant from counsel's failure to point out the State's noncompliance. Defense counsel's failure in this regard simply cannot be attributed to improvident trial strate-

gy or misguided tactics. We conclude, therefore, that the defendant's trial counsel failed to perform an essential duty.

600 N.W.2d at 300 (citations omitted). Similarly, here, the defendant's trial counsel failed to perform an essential duty when he did not object to the prosecutor's breach of the cooperation agreement.

■ D. *Was the defendant prejudiced by counsel's failure to perform an essential duty?* As noted earlier, when a defendant substantially performs under a cooperation agreement and, in performing, has acted to his or her detriment or prejudice, the cooperation agreement is enforceable to the same extent as a plea agreement. In the case before us, the State was bound to perform as it had promised in the agreement because the defendant had detrimentally relied. When the State breached the cooperation agreement, the defendant was entitled to a new sentencing hearing at which the prosecutor could make the recommendation promised in the agreement. Trial counsel's failure to object deprived the defendant of the opportunity for a sentencing hearing untainted by the prosecutor's improper recommendation. Therefore, the defendant was prejudiced by counsel's error. *Cf. Horness*, 600 N.W.2d at 297 (holding defendant was prejudiced when the prosecutor breached a plea agreement and defense counsel failed to object).

IV. *Summary and Disposition.*

The defendant has proven she received ineffective assistance from her trial counsel. Therefore, we will grant relief to her for the prosecutor's breach of the cooperation agreement despite her counsel's failure to object. Accordingly, we vacate the defendant's sentences and remand this case for resentencing before a different judge. At the sentencing hearing, the prosecutor will abide by the terms of the cooperation agreement by recommending

to the court that the defendant be granted probation. *See generally id.* at 296 (discussing prosecutor's duty under plea agreement to *recommend* a particular sentence).

**SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.**