# IN THE COURT OF APPEALS OF IOWA

No. 4-53 / 13-0896
Filed March 26, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LEMUEL CORNELIOUS JOHNSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James C. Bauch, Judge.

Defendant appeals the disposition imposed for violation of a no-contact order. **DISPOSITION VACATED AND REMANDED FOR REHEARING.**

Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brian Williams, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Huitink, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DANILSON, C.J.**

Lemuel Johnson appeals the disposition imposed following a guilty plea for violation of a no-contact order. On appeal, he maintains counsel provided ineffective assistance at sentencing. In support of his contention, he claims counsel breached an essential duty by failing to accurately state the agreement to the court. He maintains he was prejudiced by this failure because he was punished to a longer jail term than the agreement provided for. Because we find counsel did provide ineffective assistance and Johnson was prejudiced by counsel's error, we vacate Johnson's disposition and remand for rehearing to fix punishment.

**I. Background Facts and Proceedings.**

On January 4, 2012, Johnson was charged with criminal mischief and eluding. These charges stemmed from events which had occurred on November 21, 2011. Following those events, the district court had issued a no-contact order, requiring Johnson to "have no contact whatsoever" with Penny Montgomery and her three minor children.

On October 8, 2012, Montgomery reported to local police officers that Johnson had assaulted her in her residence. The following day, one of the officers filed a complaint alleging Johnson had violated the no-contact order.

On November 13, 2012, Johnson entered a written guilty plea regarding the violation of the no-contact order. The written plea provided, in part, that Johnson would receive a punishment of incarceration for seven days, to run concurrently with the sentences imposed in two other pending cases.

On April 29, 2013, the district court held a sentencing hearing regarding several pending cases, including the guilty plea for violating the no-contact order. Pursuant to a separate plea agreement, Johnson was sentenced to five years imprisonment. Johnson also pled guilty for failure to appear and received another five-year sentence, which was to run consecutively to the other sentence, for a total term of imprisonment not to exceed ten years. Johnson's counsel then reminded the court there was an outstanding violation of the no-contact order for which Johnson still needed to be punished. Counsel stated that Johnson admitted to the violation as part of his agreement and the agreement was for thirty days imprisonment to run consecutive with the sentence for the serious misdemeanor but concurrent with the sentence for the felony charges. The court accepted the agreement and entered disposition accordingly. Johnson appeals.

**II. Standard of Review.**

A defendant may raise an ineffective-assistance claim on direct appeal if he has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *State v. Straw*, 709 N.W. 2d 128, 133 (Iowa 2006). If we determine the record is adequate, we may decide the claim. *Id*. We review claims for ineffective assistance of counsel de novo. *Id.* This is our standard because such claims have their basis in the Sixth Amendment to the United States Constitution. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

**III. Discussion.**

Johnson maintains counsel provided ineffective assistance at disposition for violation of a no-contact order. He contends counsel misstated the terms of

the agreement to the court[1] at the hearing, which the court then accepted and imposed.[2]

The right to counsel has been extended to civil contempt proceedings because imprisonment was a contemplated sanction. *See State ex rel. Hamilton v. Snodgrass*, 325 N.W.2d 740, 742 (Iowa 1982) ("We have recognized a right to counsel in a hearing that might directly result in incarceration."). Our ultimate concern in claims of ineffective assistance is with the "fundamental fairness of the proceeding whose result is being challenged." *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). To succeed on his claim, Johnson must show by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

If this were a criminal prosecution instead of a contempt violation of a no-contact order, the rules to apply would be fairly settled. "'[V]iolations of either the terms or the spirit of the [plea] agreement' require reversal of the conviction or vacation of the sentence, regardless of whether the violation is intentional or accidental." *State v. Fannon*, 799 N.W.2d 515, 521 (Iowa 2011) (internal citations omitted). Moreover, defense counsel is ineffective for failing to object to

---

[1] Either the written plea or the oral explanation of the agreement was in error although we have been unable to discern how the parties have concluded the written explanation was the accurate rendition.

[2] The State maintains that we must first determine whether to sustain a writ of certiorari before deciding Johnson's ineffective-assistance claim. However, Johnson does not challenge the district court's ruling that he was in contempt for violating a no-contact order or claim that the punishment imposed by the district court was in violation of statutory limits. *See* Iowa Ct. R. 1.1401 ("A party may commence a certiorari action when authorized by statute or when the party claims an inferior tribunal, board, or officer, exercising judicial functions, or a judicial magistrate exceeded proper jurisdiction or otherwise acted illegally."). Because Johnson's only claim is that counsel provided ineffective assistance, no writ of certiorari is necessary in this case.

a prosecutor's misstatement of a plea agreement. *Id.* at 522–23. Thus, if defense counsel is ineffective for failing to object to the prosecutor's explanation of the agreement, surely defense counsel would be ineffective for personally misstating the agreement.

Here, both parties agree that trial counsel violated the express terms of Johnson's agreement by misrepresenting the terms of the agreement to the court. In doing so, counsel failed to perform an essential duty. *See State v. Horness*, 600 N.W.2d 294, 300 (Iowa 1999) ("[N]o possible advantage could flow to the defendant from counsel's failure to point out the . . . noncompliance. Defense counsel's failure in this regard simply cannot be attributed to improvident trial strategy or misguided tactics." (internal citations omitted)).

In a criminal case, Johnson would still be obligated to prove prejudice. To establish prejudice, Johnson must show that the outcome of the proceeding would have been different. *Fannon*, 799 N.W.2d at 523. The State argues Johnson suffered no prejudice because he will not be required to serve any additional time in prison, as his thirty day sentence is set to run concurrent with his felony sentences. However, our supreme court has determined that in a criminal case, a defendant is prejudiced when he is prevented from receiving the benefit of the plea agreement. *See State v. Bergmann*, 600 N.W.2d 311, 314 (Iowa 1999) ("When trial counsel fails to object to the prosecutor's breach of the plea agreement and thereby prevents the defendant from receiving the benefit of the plea agreement, the defendant is prejudiced."); *see also Fannon*, 799 N.W.2d at 524 (holding the defendant had been prejudiced where the State made a sentencing recommendation in violation of the plea agreement, even though

there was no evidence the sentencing court considered the improper recommendation).

In a contempt proceeding, we are not convinced the same type of benefit inures. Iowa Rule of Criminal Procedure 2.10 permits binding plea agreements in a criminal sentencing but the rule is not applicable to contempt dispositions.

In criminal proceedings, an appropriate remedy for a breached plea agreement is one that "ensure[s] the interests of justice are served." *State v. Bearse*, 748 N.W.2d 211, 218 (Iowa 2008). "Generally, a breached plea agreement may be remedied by allowing the defendant to withdraw the guilty plea or by remanding for resentencing before a new judge." *Fannon*, 799 N.W.2d at 523.

Although our rules do not provide for a dispositional agreement that is binding upon the court, we conclude the interests of justice are best served by vacating Johnson's disposition and remanding for a rehearing on disposition. Doing so ensures Johnson receives the benefit of the joint recommendations much like the benefit of the bargain of a plea agreement. *See Bearse*, 748 N.W.2d at 218. "[T]here is no need to expend the added prosecutorial and judicial resources that would be required by vacating the conviction and allowing the process to start anew." *Id.*

Therefore, we affirm the district court's finding of contempt, vacate the correlating disposition, and remand the matter for rehearing to impose disposition.

**DISPOSITION VACATED AND REMANDED FOR REHEARING.**