# IN THE COURT OF APPEALS OF IOWA

No. 13-1967
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN B. DEVORE JR.,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Cynthia Moisan, District Associate Judge.


        John B. Devore Jr. appeals his conviction, following a guilty plea, to operating while intoxicated, third offense. **AFFIRMED.**


        John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, John P. Sarcone, County Attorney, and Jordana A. Roling, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Potterfield, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

John B. Devore Jr. appeals his conviction, following a guilty plea, to operating while intoxicated (OWI), third offense, in violation of Iowa Code section 321J.2 (2013). He asserts defense counsel rendered ineffective assistance. We affirm Devore's conviction and preserve his ineffective-assistance claim for a possible postconviction proceeding.

On July 26, 2013, Devore was driving when stopped by a police officer for a traffic violation. The odor of an alcoholic beverage on Devore's breath, and Devore's demeanor, speech, and eye conditions, caused the officer to suspect Devore was intoxicated. The officer administered several field sobriety tests as well as a preliminary breath test (PBT), the results of which further convinced the officer that Devore was intoxicated. The officer arrested Devore for OWI. A DataMaster breath test indicated an alcohol concentration of 0.088.

Devore was charged with OWI, third offense. The trial information alleged, as relevant to the issue in this appeal, that he

> did operate a motor vehicle while under the influence of an alcoholic beverage or other drug, or a combination of such substances, or while having eight hundredths (.08) or more alcohol concentration or while any amount of controlled substances in the person . . . .

Devore pled guilty to OWI, third offense, by stating that he "operated a motor vehicle with a B.A.C. 0.088" and had "2 prior OWI's from 11/9/2007 & 12-3-10." He was convicted and sentenced. Devore timely appeals.

We review claims of ineffective assistance de novo. *State v. Bergmann*, 600 N.W.2d 311, 313 (Iowa 1999). We presume that representation by counsel

is competent, and a defendant has the burden to prove by a preponderance of the evidence that counsel was ineffective. *Jasper v. State*, 477 N.W.2d 852, 855 (Iowa 1991).

> A claimant alleging ineffective assistance of counsel must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted. To establish prejudice, a claimant must demonstrate there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. In the context of a guilty plea, an applicant for postconviction relief must prove a reasonable probability that, but for counsel's alleged errors he [or she] would not have pled guilty and would have insisted on going to trial. The probability of a different result must be sufficient to undermine confidence in the outcome. We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements [of an ineffective-assistance claim] can be decided as a matter of law.

*State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) (first alteration in original) (citations and quotation marks omitted).

The Iowa Administrative Code provides, in relevant part, that "[a]ll devices [used to test a subject's breath alcohol concentration] must be certified to be in proper working order within a period of one year immediately preceding use according to procedures specified for that device." Iowa Admin. Code r. 661-157.2(2). The police officer tested Devore's breath on July 26, 2013. The record before us on appeal indicates that the DataMaster used to test his breath was last certified to be in proper working order on June 26, 2012, thirteen months before Devore's breath was tested.

Devore asserts defense counsel rendered ineffective assistance by failing to file a motion to suppress the results of the DataMaster breath test and allowing

him to plead guilty. He argues that such a motion would have succeeded as the results of the test would not have been admissible, because the certification was outdated, and he "wouldn't have had to plead guilty."

"It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *Carroll*, 767 N.W.2d at 641. However, because "[a] defendant waives a variety of constitutional rights by pleading guilty to a criminal offense . . . it is fundamental that a plea of guilty is valid only if it is given voluntarily, knowingly, and intelligently." *State v. Meron*, 675 N.W.2d 537, 542 (Iowa 2004). The State asserts that Devore has not presented an ineffective-assistance claim, as his claim "does not relate to the voluntariness of his [guilty] plea." Although not expressly stated, implicit in Devore's claim of ineffective assistance is an assertion that defense counsel did not know, or knew but did not inform Devore, that the DataMaster certification was no longer valid. Although this assertion arguably may not implicate the voluntariness of his guilty plea, it does implicate the issue of whether the plea was knowingly and intelligently given. *See, e.g.*, *Carroll*, 767 N.W.2d at 642 (citing *Zacek v. Brewer*, 241 N.W.2d 41, 48-49 (Iowa 1976) for the proposition that a defendant may, after entry of a guilty plea, attack the voluntary and intelligent character of the plea by showing the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases). In *Carroll*, the court found the record inadequate to determine whether defense counsel should have filed a motion to suppress evidence derived from a warrantless search and preserved a claim of ineffective assistance for a possible

5

postconviction proceeding. *Id.* at 645-46. Based on the reasoning and holding in *Carroll*, we reject the State's assertion that Devore has not presented an ineffective-assistance claim.

The State urges, on the merits, that Devore has not proved his claim of ineffective assistance, rendering his guilty plea invalid, as (1) if defense counsel had challenged certification of the DataMaster the State might have been able to show a proper certification existed, and (2) there existed alternative evidence to support a guilty plea, the smell of alcohol on Devore's breath, his mumbled speech and watery eyes, and unsuccessful performance of field sobriety tests. This evidence, of course, relates only to the "under the influence" alternative of OWI, and not to the "eight hundredths (0.08) or more alcohol concentration" alternative to which Devore pled guilty.

The development of an additional factual record would be helpful, and is necessary, to decide whether defense counsel rendered ineffective assistance as asserted by Devore. We cannot determine on the existing record several relevant facts, including but not necessarily limited to the following: whether defense counsel was aware the DataMaster certification was outdated, and if so, whether counsel informed Devore of that fact; whether a later valid certification of the DataMaster was in existence, and if so, whether defense counsel, Devore, both of them, and/or the prosecuting attorney, were aware of that fact; whether there were discussions between Devore and defense counsel regarding the strength of the "under the influence" evidence; and whether there was any agreement that Devore would plead guilty under that alternative if not under the

"eight hundredths 0.08 or more alcohol concentration" alternative. In summary, we conclude the record in this direct appeal is inadequate to address Devore's claim of ineffective assistance. We therefore affirm his conviction and preserve his ineffective-assistance claim for a possible postconviction proceeding.

**AFFIRMED.**