# IN THE COURT OF APPEALS OF IOWA

No. 17-2090
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TRAVIS LEE HANNA,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

Travis Hanna appeals his conviction, following a guilty plea, of operating while intoxicated. **AFFIRMED.**

Scott L. Bixenman of Murphy, Collins, Bixenman & McGill, P.L.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Pursuant to a plea agreement, Travis Hanna pled guilty to operating while intoxicated (OWI). A pretrial-conference report stated the terms of the agreement included the State recommending a "suspended sentence" with "miniumum 7 days in jail," probation, and other matters. Hanna's written plea of guilty recited:

> My attorney has engaged in plea bargaining discussions with the prosecutor regarding the disposition of this case. The terms of the agreement reached are as follows: joint recommendation of 180 day jail sentence with all but 7 suspended, serve by January 15 2018, minimum fine + surcharge, $10 DARE surcharge, costs and fees, probation . . . for 2 years. I understand that the recommendations of the prosecuting attorney are not binding on the Court.

Hanna and his attorney signed the plea.

The court accepted the plea of guilty and scheduled a sentencing hearing, requiring Hanna and counsel to personally appear. At the hearing, the State recommended two years in prison with all but seven days of the sentence suspended, two years of probation, and other provisions. When asked if the State had "lived up to its end of the plea agreement," defense counsel said, "Yes it has, Your Honor." Defense counsel later asked the court to "go along with the joint recommendation of the 2-year suspended sentence, probation . . . for 2 years, and a 7-day jail sentence." The court sentenced Hanna to a prison term not to exceed two years but denied the joint request to suspend that sentence.

Hanna appeals, raising three issues: (1) the State breached the plea agreement with its sentencing recommendation; (2) defense counsel was ineffective in joining the State's recommendation; and (3) the court failed to inform him in advance that it refused to be bound by the agreement and failed to tell him he had a right to withdraw his guilty plea.

We consider the first two issues together. "[T]he remedy for the State's breach of a plea agreement as to a sentencing recommendation is to remand the case for resentencing by a different judge, with the prosecutor obligated to honor the plea agreement and sentencing recommendation." *State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015). The remedy is the same when defense counsel fails to object to such a breach by the State. *See State v. Fannon*, 799 N.W.2d 515, 523–24 (Iowa 2011); *State v. Bergmann*, 600 N.W.2d 311, 315 (Iowa 1999). Ineffective-assistance-of-counsel claims are not subject to ordinary error-preservation rules. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). Our review of such claims is de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). In order to prevail on his ineffective-assistance-of-counsel claim, Hanna must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

The pretrial-conference report—signed by Hanna, defense counsel, and the prosecutor—only called for the State's recommendation of a "suspended sentence" with "miniumum 7 days in jail." The written guilty plea, signed by Hanna and his attorney, recited the plea agreement to include a joint recommendation of a 180-day jail sentence with all but seven days suspended. At the sentencing hearing, the State and Hanna's attorney recited the agreement as two years of incarceration with all but seven days suspended. The record is inadequate to determine precisely what the plea agreement was, or what the source of the confusion was. Without such a record, we cannot determine whether the State breached the plea agreement, whether counsel was ineffective in joining the

State's recommendation and not objecting to the State's recitation, or whether the written guilty plea prepared by counsel was a correct statement of the agreement. We preserve the first two issues for possible postconviction-relief proceedings. *See Harris*, 919 N.W.2d at 754; *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Finally, Hanna argues the court abused its discretion when it failed to inform him in advance that it refused to be bound by the plea agreement, and failed to tell him he had a right to withdraw his guilty plea. He asserts Iowa Rule of Criminal Procedure 2.10 requires such an advance notice. When a plea of guilty is tendered on the basis of a plea agreement, the agreement must be disclosed to the plea-taking court. Iowa R. Crim. P. 2.10(2). Rule 2.10(3) requires a notice to a defendant "when the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement." Rule 2.10(4) sets forth certain requirements for when a court rejects or refuses to be bound by the plea agreement. Our court has previously explained:

> While on its face, subsection (4) appears to apply any time a court declines to follow a plea agreement entered into by the defendant and the State, subsection (4) cannot be viewed in isolation. When the rule is read as a whole, it soon becomes clear that the requirements of subsection (4) are meant to apply only when the plea agreement has been conditioned on the court's concurrence in the agreement between the parties.

*State v. Pryor*, No. 16-1982, 2017 WL 2684361, at *2 (Iowa Ct. App. June 21, 2017) (altered for readability); *accord State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981) (indicating the procedures contained in Iowa Rule of Criminal Procedure

9(2)–(4) (1981) are only required "if the agreement is conditioned on the court's acceptance").[1]

Hanna's written guilty plea stated: "I understand the recommendations of the prosecuting attorney are not binding on the Court." Clearly, his plea was tendered without conditioning it on the court's acceptance. Therefore, his complaints the court did not comply with Rule 2.10(4) are unavailing.

We affirm Hanna's conviction but preserve his claims concerning ineffective assistance of counsel for possible postconviction-relief proceedings as set forth above.

**AFFIRMED.**

---

[1] The language contained in Rule 2.10 and former Rule 9 is largely identical, with few nonsubstantive variations.