**IN THE COURT OF APPEALS OF IOWA**

No. 16-1982
Filed June 21, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES MICHAEL PRYOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan,

District Associate Judge.


        A defendant appeals following his plea of guilty to driving while barred as

an habitual offender. **AFFIRMED.**


        Edward S. Fishman of Nelsen & Feitelson Law Group, P.L.C., West Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

James Pryor appeals the judgment and sentence imposed following his guilty plea to driving while barred as an habitual offender. Pryor argues his plea counsel was ineffective for failing to file a motion in arrest of judgment after the district court advised Pryor it would not follow the sentencing recommendation from his plea bargain with the State but allegedly did not afford Pryor the opportunity to withdraw his guilty plea. Because Pryor's plea agreement was not conditioned upon concurrence of the court, counsel had no duty to file a motion in arrest of judgment. Accordingly, we affirm.

On July 11, 2016, the State charged Pryor with driving while barred as an habitual offender, an aggravated misdemeanor, in violation of Iowa Code section 321.561 (2016). On October 12, Pryor signed a petition to plead guilty to the offense, indicating, "[t]he plea agreement is: $1000 fine" and "[t]he Court is not bound by the plea agreement and may impose the maximum sentence as allowed by law." The district court accepted Pryor's guilty plea that same day. The court's order notified Pryor of his right to contest the plea by filing a motion in arrest of judgment and then stated: "COURT HAS ADVISED THE DEF THE COURT WILL NOT AGREE TO PLEA AGREEMENT."

Pryor appeared for sentencing on November 16, 2016. Following the hearing, the court issued an order sentencing Pryor to a suspended two-year term of incarceration. Later that day, the court issued a nunc pro tunc order stating the suspension of Pryor's sentence was in error and ordering his incarceration for two years.

Pryor now appeals.

We review ineffective-assistance-of-counsel claims de novo because they are based in the Sixth Amendment. *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). To succeed on appeal, Pryor must demonstrate by a preponderance of the evidence both: (1) his counsel breached an essential duty and (2) the breach resulted in prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, we preserve ineffective-assistance claims for postconviction-relief proceedings to allow counsel in the underlying proceedings the opportunity to defend against the accusation. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). Only when the record is adequate will we resolve the claims on direct appeal. *See id.* We find the record is adequate here.

Pryor argues his plea counsel should have filed a motion in arrest of judgment because Pryor "was not allowed to withdraw his guilty plea after the Court indicated it would not follow the plea agreement." In support of this claim, Pryor relies on Iowa Rule of Criminal Procedure 2.10, which governs plea bargaining. Rule 2.10(4) provides:

> If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. If the defendant persists in the guilty plea and it is accepted by the court, the defendant shall not have a right subsequently to withdraw the plea except upon a showing that withdrawal is necessary to correct a manifest injustice.

The State contends this rule requires a district court to allow a defendant to withdraw a guilty plea only if the plea agreement is conditioned upon the concurrence of the district court. We agree. While "[o]n its face, subsection (4)

appears to apply any time a court declines to follow a plea agreement entered into by the defendant and the State . . . subsection (4) cannot be viewed in isolation." *State v. Weaver*, No. 05-0764, 2006 WL 3018498, at *3 (Iowa Ct. App. Oct. 25, 2006). When the rule is read as a whole, "it soon becomes clear that the requirements of subsection (4) are meant to apply only when the plea agreement has been conditioned on the court's concurrence in the agreement between the parties."[1]  *Id.*; *see also State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981) (noting predecessor to rule 2.10 "gives a court three options regarding the plea agreement at the time the plea is offered *if the agreement is conditioned on the court's acceptance*" (emphasis added)).

In Pryor's case, the written plea agreement expressly stated the sentencing recommendation was not binding on the district court. Therefore, the

---

[1] The two preceding subsections of the rule guide our analysis. Rule 2.10(2) provides:

> *Advising court of agreement.* If a plea agreement has been reached by the parties the court shall require the disclosure of the agreement in open court at the time the plea is offered. Thereupon, if the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report.

Iowa R. Crim. P. 2.10(2). Further, rule 2.10(3) states:

> *Acceptance of plea agreement.* When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement. In that event, the court may accept a waiver of the use of the presentence investigation, the right to file a motion in arrest of judgment, and time for entry of judgment, and proceed to judgment.

Iowa R. Crim. P. 2.10(3).

district court was not required to allow Pryor to withdraw his guilty plea.[2]  *See State v. Thompson*, 856 N.W.2d 915, 922 (Iowa 2014) (finding district court was not required to allow defendant the opportunity to withdraw his plea before sentencing when court rejected sentencing agreement, agreement did not require court's concurrence, and defendant acknowledged in written petition to plead guilty that "[t]he court is not bound by the agreement and may impose the maximum sentence as required by law").  Accordingly, Pryor's plea counsel did not breach an essential duty by failing to file a meritless motion in arrest of judgment on this ground, and Pryor's ineffective-assistance claim cannot prevail. *See Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012) (noting we may affirm if either ineffective-assistance element is lacking).

**AFFIRMED.**

---

[2] Our record on appeal does not include a transcript of the guilty plea hearing. Accordingly, we have no documentation of Pryor's claim that the district court failed to provide him with the opportunity to withdraw his guilty plea after indicating it would not "agree to [the] plea agreement."