**IN THE COURT OF APPEALS OF IOWA**

No. 17-1210
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW A. McCANNA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.


        Matthew McCanna appeals his judgment and sentence following his guilty

plea to absence from custody.  **AFFIRMED.**


        Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Matthew McCanna signed out of a residential work release center and did not return at the appointed time. The State charged him with absence from custody, a serious misdemeanor. *See* Iowa Code § 719.4(3) (2017). McCanna pled guilty to the crime, and the State agreed to recommend ninety days in jail with credit for time served and a $315.00 fine plus costs and applicable surcharges. The sentence was to be served consecutively to "all other cases." The written plea agreement stated, "I understand that the court may sentence me up to the maximum provided by the law."

The district court accepted the plea. The court sentenced McCanna to a jail term not exceeding one year, with credit for time served. The court also imposed the fine and surcharge.

On appeal, McCanna contends his plea attorney was ineffective "in failing to file a motion in arrest of judgment where the district court did not allow [him] to withdraw his plea when the court did not follow the plea agreement." We assume without deciding this is the appropriate framework.[1] Although we generally preserve ineffective-assistance claims for postconviction relief, we find the record

---

[1] In *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014), the court stated the motion-in-arrest-of-judgment rule "has no applicability to a situation . . . where the defendant does not know the deficiency in the plea proceeding until after sentencing." The court concluded the defendant could raise the issue of whether the district court erred in imposing a greater sentence than agreed to in the plea agreement "without first filing a motion in arrest of judgment." *Thompson*, 856 N.W.2d at 922. Like *Thompson*, McCanna could not have known prior to the sentencing hearing that the court would decline to accept the recommended sentence. Accordingly, a motion in arrest of judgment was unnecessary, and we could review the issue directly, on error, rather than under an ineffective-assistance-of-counsel rubric. But because the defendant and the State use this rubric, so will we.

adequate to address the issue. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

McCanna must establish the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We will focus on the breach prong.

McCanna hangs his hat on Iowa Rule of Criminal Procedure 2.10(4), which states:

> If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than the contemplated by the plea agreement.

As McCanna asserts, the rule does indeed authorize the withdrawal of a plea. But the rule cannot be read in isolation. *See State v. Pryor*, No. 16-1982, 2017 WL 2684361, at *2 (Iowa Ct. App. June 21, 2017) (citing *State v. Weaver*, No. 05-0764, 2006 WL 3018498, at *3 (Iowa Ct. App. Oct. 25, 2006)). One of the rule's subsections states in part, "[I]f the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report." Iowa R. Crim. P. 2.10(2). Another subsection states in part:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement.

Iowa R. Crim. P. 2.10(3). Both provisions speak to pleas conditioned on the court's concurrence. Rule 2.10(4) must be read in that context.

The Iowa Supreme Court said as much in *State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981). The court held the rule

> gives a court three options regarding the plea agreement at the time the plea is offered if the agreement is conditioned on the court's acceptance. First, the court may accept the agreement and "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement" or a more favorable disposition. Second, the court may reject the plea agreement and "afford the defendant the opportunity to then withdraw his or her plea." Third, the court "may defer its decision as to acceptance or rejection until receipt of a presentence report."

*Wenzel*, 306 N.W.2d at 771 (citations omitted).

McCanna's plea was not conditioned upon the court's concurrence. It unequivocally stated the court was free to impose the maximum sentence allowed by law, which was one year. *See* Iowa Code § 903.1(1)(b). Because the court was not bound by the State's agreement to recommend a ninety-day jail sentence, counsel had no duty to challenge the district court's failure to allow him to withdraw the plea following the imposition of the one-year sentence. *See State v. Thompson*, 856 N.W.2d 915, 922 (Iowa 2014) ("Here the plea agreement was that the State would recommend a certain sentence upon Thompson's plea of guilty. Nowhere in the plea agreement did it state the agreement required the district court's concurrence."). On our de novo review, we conclude McCanna's ineffective-assistance-of-counsel claim necessarily fails.

McCanna also argues the district court failed to consider mitigating factors in sentencing him, such as the nature of the offense and his decision to take immediate responsibility for the offense. Our review is for an abuse of discretion.

*See State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996). We discern no abuse. The court considered the nature of the offense and, in particular, the fact McCanna was absent "for four or five months." The court also considered MCanna's failure to think about "the consequences" and his violation of the laws "time and time again." Although the court did not mention McCanna's expression of remorse at leaving the facility, the court was not required to acknowledge each claim of mitigation urged by him. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

We affirm McCanna's judgment and sentence for absence from custody.

**AFFIRMED.**