# IN THE COURT OF APPEALS OF IOWA

No. 18-0300
Filed September 12, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SAM CHESTER THOMAS II,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, James D. Coil, District Associate Judge.

Sam Thomas appeals his convictions for operating a motor vehicle while intoxicated, third offense, and driving while barred. **AFFIRMED.**

Adam R. Junaid of Frerichs Law Office, PC, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Sam Thomas entered an *Alford* plea[1] to operating a motor vehicle while intoxicated, third offense, and driving while barred. *See* Iowa Code §§ 321J.2(2)(c), 321.555, 321.561 (2015). The sentencing court declined to accept the State's sentencing recommendation to suspend all but 120 days of the indeterminate five-year prison term on the first charge and fully suspend the indeterminate two-year prison term on the second charge. The court imposed both prison terms, reasoning in part that this was Thomas' "sixth operating while intoxicated offense here in the state of Iowa" and prison time might serve as a deterrent.

On appeal, Thomas contends the district court abused its discretion "by failing to abide by the terms of the plea agreement without giving [him] the opportunity to withdraw his plea." He relies on Iowa Rule of Criminal Procedure 2.10(4), which states:

> If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

But the rule is triggered only if the plea is conditioned on the court's concurrence. *See State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981) (setting forth three options provided by rule). Nothing in Thomas' plea stated the plea was conditioned on the

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

court's concurrence. To the contrary, the written plea referred to the State's sentencing "recommend[ation]." *See State v. Thompson*, 856 N.W.2d 915, 922 (Iowa 2014) ("Here the plea agreement was that the State would recommend a certain sentence upon Thompson's plea of guilty. Nowhere in the plea agreement did it state the agreement required the district court's concurrence."). Similarly, the transcript of the plea colloquy contains no express statement that the court would be bound by the State's sentencing recommendation.

Thomas concedes the absence of express language binding the court to the recommendation. He argues the court "impliedly informed [him] that the court would abide by" the agreement when the court engaged in the following exchange:

> COURT: Has anybody promised you exactly what the sentence will be—
> DEFENDANT: No.
> COURT: —other than the plea agreement that was stated?
> DEFENDANT: No, Your Honor.

Alternatively, he argues the exchange bound the court by default.

Thomas reads too much into the words "other than." In context, it is clear the court was simply trying to comply with its rule 2.8(2)(b) obligation to ensure the plea was "made voluntarily and intelligently." The court did not agree to be bound by the sentencing recommendation, and we discern no abuse of discretion in the district court's decision to impose terms of incarceration.

We affirm Thomas' conviction and sentence.

**AFFIRMED.**