# IN THE COURT OF APPEALS OF IOWA

No. 17-1854
Filed November 21, 2018

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**AUSTIN L. KELLER,**
       Defendant-Appellant.
_____


       Appeal from the Iowa District Court for Scott County, Nancy S. Tabor (guilty

plea) and Mark J. Smith (sentencing), Judges.


       Austin Keller appeals from his conviction for theft in the second degree.

**AFFIRMED.**


       Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

       Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


       Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.[*] Tabor, J.,

takes no part.

---

[*] Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

This appeal requires us to determine whether a defendant was entitled to withdraw his plea. Iowa Rule of Criminal Procedure 2.10, governing plea agreements, speaks to the issue. The rule begins by identifying the options available when a plea agreement is conditioned on the district court's concurrence: "[I]f the agreement is conditioned upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney, the court may accept or reject the agreement, or may defer its decision as to acceptance or rejection until receipt of a presentence report." Iowa R. Crim. P. 2.10(2).

The rule proceeds to identify the circumstances under which a defendant may withdraw a plea conditioned on the court's concurrence:

> If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. P. 2.10(4); *State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981).

Austin Keller pled guilty to second-degree theft after agreeing he stole tools from a place of business. His memorandum of plea agreement stated the plea was "open" and the prosecutor would "recommend supervised probation, recognizing the defendant is eligible for a deferred judgment." The memorandum simultaneously stated, "Concurrence of the court to this agreement is a condition to the acceptance of the plea."

At a plea hearing, the district court informed Keller of the options facing a defendant when a plea is conditioned on the court's concurrence. The court

stated, "[I]f the sentencing judge decides to . . . not accept the plea, . . . you would have an opportunity to withdraw your guilty plea." After informing Keller of the rights he would relinquish by pleading guilty, the court "defer[red] acceptance or rejection of the plea agreement until such time as a presentence investigation report [was] prepared and filed with the court."

At sentencing, a different district court judge asked the prosecutor and defense attorney whether the plea agreement was binding on the court. Relying on the "open plea" language of the agreement, both stated the agreement did not bind the court. The court sentenced Keller to prison but suspended the sentence and placed Keller on probation with conditions, including completion of "the Residential Corrections Facility program."

On appeal, Keller contends the district court imposed "a greater sentence than agreed to in the plea agreement without giving [him] the opportunity to withdraw the plea." He specifically challenges the court's decision to place him at a residential corrections facility instead of allowing him to serve his probation at home, a decision he characterizes as a rejection of the plea agreement. Because his attorney did not object to the claimed breach of the plea agreement, Keller alternatively raises the issue under an ineffective-assistance-of-counsel rubric.

To determine whether the court rejected the agreement, we must first determine whether the plea agreement was conditioned on the district court's concurrence. The State concedes the memorandum of plea agreement and on-the-record discussion confuse the issue. In light of the confusion, the State further concedes it will "treat[] the agreement as a Rule 2.10 agreement that was binding on the district court."

With this concession in hand, we turn to whether the district court rejected the plea agreement, triggering Keller's right to withdraw the plea. Iowa Code section 907.3(3) (2015), governing suspended sentences, answers the question. In pertinent part, the provision allows a court to suspend a sentence "and place the defendant on probation upon such terms and conditions as it may require including commitment to an alternate jail facility or a community correctional residential treatment facility." Iowa Code § 907.3(3). Section 907.3(3) authorizes the precise type of supervised probation Keller received.

In sum, the plea agreement called for supervised probation and the district court ordered supervised probation, to be served at a location authorized by statute. Nothing in the court's sentencing order could be construed as a rejection of the plea agreement. As the State accurately concludes, "[T]he district court complied with the parties' agreement that Keller would be given supervised probation and the district court was not required to offer Keller a chance to withdraw his plea." We discern no error in the district court's application of rule 2.10.

Having concluded Keller was not entitled to withdraw his plea, we further conclude his attorney was not ineffective in failing to object on this ground. We affirm Keller's judgment and sentence.

**AFFIRMED.**