# IN THE COURT OF APPEALS OF IOWA

No. 18-0818
Filed January 9, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ANGELIA MAURICE SCHULTZ,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge (plea), and Gregg R. Rosenbladt, Judge (sentencing).

 Angelia Schultz appeals following her guilty plea to operating a motor vehicle while intoxicated, third or subsequent offense. **AFFIRMED.**

 Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

 Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Angelia Schultz pled guilty to operating a motor vehicle while intoxicated, third or subsequent offense. Iowa Code § 321J.2(2)(c) (2017). On appeal, Schultz contends her attorney was ineffective in allowing her to plead guilty.

## I.  Background Proceedings

Schultz's plea agreement identified the penalties for the crime, including "[a]n indeterminate prison term of up to five (5) years," with "30 days jail" as "the mandatory minimum." The agreement stated the court could "suspend execution of any portion of the jail sentence in excess of 30 days," there was "no guaranteed outcome," and "any plea bargain . . . [was] not binding on the court and the court [would] affix the sentence at its discretion."

At the plea hearing, the prosecutor informed the court, "If Ms. Schultz pleads guilty as charged to operating while intoxicated, third offense, . . . I will recommend the mandatory minimum sentences." Specifically, he pledged to recommend "commitment to the custody of the director of adult corrections for a term not to exceed five years, but that be suspended except for the mandatory minimum term of thirty days in jail, with two years probation, plus the mandatory minimum fine of $3125.00 and surcharges and fees." The prosecutor also agreed to dismiss a marijuana possession charge and certain other misdemeanors.

The district court asked Schultz whether she understood the court was "not bound by the plea agreement." She responded, "Yes." Schultz also was asked whether she understood the court could "impose any sentence up to the maximum." Schultz responded, "Absolutely, I understand." The court found

Schultz "voluntarily enter[ed] the plea, with a full understanding of the nature of the charge, available defenses and the nature and the consequences of the plea."

At sentencing, the prosecutor recommended Schultz "be committed to the custody of the director of adult corrections for an indeterminate term not to exceed five years, but that be fully suspended except for the mandatory minimum term of 30 days in jail." He also recommended "two years probation under section 907.7(2), plus the mandatory minimum fine of $3125, and surcharges and fees assessed pursuant to chapter 911." The prosecutor acknowledged the presentence investigator recommended five rather than two years of probation but noted that Schultz had begun "the evaluation and treatment process" and "that's a very good sign . . . that suggests . . . she will be successful." Schultz's attorney agreed with the recommendation.

The court declined to follow the sentencing recommendation. After providing a comprehensive statement of reasons, the court sentenced Schultz to a prison term not exceeding five years and declined to suspend the sentence.

## II.     Ineffective Assistance

Schultz's appeal implicates Iowa Rule of Criminal Procedure 2.10 on plea agreements. Under the rule, a plea may or may not be conditioned on the district court's concurrence. Two provisions address pleas conditioned on the court's concurrence. One states:

> When the plea agreement is conditioned upon the court's concurrence, and the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or another disposition more favorable to the defendant than that provided for in the plea agreement. In that event, the court may accept a waiver of the use of the presentence investigation, the right

to file a motion in arrest of judgment, and time for entry of judgment, and proceed to judgment.

Iowa R. Crim. P. 2.10(3). Another provides:

If, at the time the plea of guilty is tendered, the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to then withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement. If the defendant persists in the guilty plea and it is accepted by the court, the defendant shall not have the right subsequently to withdraw the plea except upon a showing that withdrawal is necessary to correct a manifest injustice.

Iowa R. Crim. P. 2.10(4).

The provisions give a court three options when the plea is conditioned on the court's concurrence: (1) the court may accept the agreement and "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement" or a more favorable disposition; (2) the court may reject the plea agreement and "afford the defendant the opportunity to then withdraw his or her plea"; or (3) the court "may defer its decision as to acceptance or rejection until receipt of a presentence report." *State v. Wenzel*, 306 N.W.2d 769, 771 (Iowa 1981) (citation omitted).

Schultz contends her attorney should have understood that the district court was unlikely to grant a suspended sentence in light of her extensive criminal history and should have recognized that the plea bargain "was meaningless" unless it was conditioned on the court's concurrence. In her view, counsel was ineffective in permitting her "to plead guilty . . . without insisting that the plea and sentencing recommendations be binding on the sentencing court."

Schultz must establish the breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). We find the record adequate to address the issue. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).

Schultz's argument begins with a faulty premise—that she has an absolute right to a particular sentence. She does not. *See Wenzel*, 306 N.W.2d at 771 ("A defendant has no constitutional right to have a plea accepted."). The court has an independent obligation to consider an appropriate sentence in each case. *See State v. Hager*, 630 N.W.2d 828, 834–35 (Iowa 2001). Even if defense counsel had insisted on a plea conditioned on the court's concurrence, the district court could have rejected the plea. *See* Iowa R. Crim. P. 2.10(4). Accordingly, we conclude counsel did not breach an essential duty in failing to demand a plea conditioned on the court's concurrence.

On our de novo review, we affirm Schultz's judgment and sentence for operating a motor vehicle while intoxicated (third offense).

**AFFIRMED.**